## J. D. SMITH AND W. H. ERVIN v. THE STATE.

*No. 3191. Decided October 16.*

**Exhibiting Gaming Table—Charge of the Court.**—On their trial for exhibiting a gaming table the defendants requested the trial court to instruct the jury as follows: * * * "If you find from the evidence that the defendants owned a pool table upon which games of pool were played sometimes for the table fees, but that the defendants did not keep or exhibit the table for gaming purposes, or had any knowledge, or might by the use of reasonable diligence have known that the table was being used by the players for gaming purposes, then it will be your duty to acquit defendants." *Held,* that the said special charge announcing a correct principle of law, which responded to the proof in the case, its refusal was error.

APPEAL from the County Court of Tarrant. Tried below before Hon. W. D. Harris, County Judge.

The opinion discloses the case. The penalty assessed against each of the defendants was a fine of twenty-five dollars and confinement in the county jail for ten days.

*J. S. Davis,* for appellants.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellants were tried and convicted under an indictment for unlawfully keeping and exhibiting, for the purpose of gaming, a gaming table and bank. Defendants had paid the State and county tax and taken out license on their pool and billiard tables, and the games played, and for the playing of which they have been convicted, were games of pool played by parties with the understanding that whoever of the players lost the game would pay to the proprietors five cents for each cue that had been used in the game. The proprietors did not play in the game, there was no dealer or exhibitor in the game, and it was played solely amongst those participating in the game without the

intervention of any third person.    Further than that there was an under-standing amongst the players that the loser should pay five cents for the cues used, there was no betting upon the table or games.    Defend-ants expressly, and by written notices posted in the house, forbid betting of any kind in their house.

In all its essential particulars this case is in no way different from the case of Wells v. The State, 22 Texas Court of Appeals, 18, in which the judgment was reversed because the evidence was wholly insufficient to support the conviction.    The facts in this case are essentially different from those in Reeves's case, 12 Texas Court of Appeals, 199, where the defendant (the keeper) furnished checks or tickets to the winner of the game, which checks or tickets were good at his bar for drinks or cigars.

Defendants' first special requested instruction, which the court refused to give, was as follows, viz.:    "The jury are charged that if you find from the evidence that the defendants owned a pool table upon which games of pool were played sometimes for the table fees, but that defendants did not keep or exhibit the table for gaming purposes, or (nor) had any knowledge, or might, by the use of reasonable diligence, have known that the table was used by the players for gaming purposes, then it will be your duty to acquit defendants."    This charge was in conformity with the rules announced in Wells's case, *supra*, was directly apposite to the facts of the case, and it was error to refuse to give it.

For this error, and because the evidence is insufficient to prove a violation of law, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Hurt, J., absent.