HARVEY WATT v. THE STATE.

No. 1075. Decided March 29, 1911.

**Petty Theft—Information—Complaint.**
Where the information and complaint failed to charge a fraudulent taking, the same were fatally defective.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of misdemeanor theft; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Lacy & Bramlette,* for appellant.—On question that complaint and information failed to allege a fraudulent taking: Bray v. State, 41 Texas, 204; Muldrew v. State, 12 Texas Crim. App., 617; Pittman v. State, 14 Texas Crim. Rep., 578; Ashlock v. State, 16 Texas Crim. App., 13; Sloan v. State, 18 Texas Crim. App., 226; Ortis v. State, id., 282; Ware v. State, 19 Texas Crim. App., 13; Chance v. State, 27 Texas Crim. App., 441.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The complaint and information are in the same language, in the following respect: "One Harvey Watt did then and there unlawfully take from the possession of J. H. Morris one pair of wagon lines, of the value of $2.25, the same being the corporeal personal property of J. H. Morris without the consent of the said J. H. Morris," etc. Both the information and complaint are attacked because they fail to charge one of the statutory ingredients of theft, to wit, fraudulent taking. It will be noticed that the information and complaint are both defective in this respect. This character of pleading has been held vicious in all the cases that have been called to our attention in the history of the State, and in fact the statute defines theft to be the fraudulent taking. Without this allegation the pleading would be deficient, and fatally so.

The judgment is reversed and the prosecution is ordered dismissed.

*Dismissed.*