## W. F. BALDWIN v. THE STATE.

### No. 3529. Decided April 14, 1915.

**1.—Theft—Information—Description of Property.**

Where the information described the alleged stolen property as one suit of clothes of the value of $10, a motion to quash for insufficient description thereof was correctly overruled.

**2.—Same—Complaint—Information—Fraudulent Taking.**

Where the complaint and information in a prosecution for theft failed to allege the fraudulent taking of the property from the alleged owner, the same was insufficient, and the same were fatally defective. Following Watt v. State, 61 Texas Crim. Rep., 662, and other cases.

**3.—Same—Charge of Court—Recent Possession.**

Where, upon trial of theft, the evidence raised the issue that defendant purchased the alleged stolen property, the court should have charged thereon according to former precedent, although he correctly refused a special instruction thereon. Following Wheeler v. State, 34 Texas Crim. Rep., 350, and other cases.

**4.—Same—Receiving Stolen Property—Requested Charge.**

Where, upon trial of theft, the evidence raised the issue that defendant knowingly received the alleged stolen property, he was guilty of receiving stolen

property, but not of the theft, and the court should have so charged as requested. Following McAfee v. State, 14 Texas Crim. App., 668, and other cases.

**5.—Same—Peremptory Instructions.**

Upon trial of theft, where the evidence supported the allegations in the indictment, there was no error in the court's failure to give a peremptory charge to acquit.

Appeal from the County Court of Potter. Tried below before the Hon. T. W. McBride.

Appeal from a conviction of petty theft; penalty, a fine of $25 and thirty days confinement in the county jail.

The opinion states the case.

*James N. Browning* and *Rollie H. Scales,* for appellant.—On question of refusing special charge to acquit if the evidence showed that the defendant received stolen property: Boyd v. State, 24 Texas Crim. App., 570; Morrow v. State, 22 id., 239; Phillips v. State, 19 id., 158; Barrett v. State, 18 id., 64; Clayton v. State, 15 id., 348.

On question of reasonable explanation: Perry v. State, 41 Texas, 483; Curlin v. State, 23 Texas Crim. App., 681; Shultz v. State, 22 id., 16; Fernandez v. State, 25 id., 538; Taylor v. State, 27 id., 463;- White v. State, 28 id., 71.

On question of fraudulent taking: Chance v. State, 27 Texas Crim. App., 441; Sloan v. State, 18 id., 225; Ware v. State, 19 id., 13; McPherson v. State, 20 id., 194; Moore v. State, 7 id., 42.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant appeals from a conviction for petty theft. The complaint and information allege that on February 22, 1915, appellant "did then and there unlawfully take from the possession of J. W. Logue certain corporeal personal property, towit: one suit of clothes of the value of ten dollars."

The court did not err in overruling appellant's motion to quash on the ground that the alleged stolen property was not described with sufficient certainty. The statute (C. C. P., art. 458) prescribes that when it becomes necessary to describe property of any kind in an indictment or complaint and information, a general description of it by name, kind, quality, number and ownership, if known, shall be sufficient. The many decisions of this court under this statute hold the description of said property was sufficient.

However, appellant, for the first time, in this court, contends that the complaint and information are fatally defective in that they do not charge, in the terms of the statute, that the appellant "fraudulently" took the property from the alleged owner. This is true and is a fatal defect in the pleadings, and necessarily results in the reversal and dismissal of the case. Watt v. State, 61 Texas Crim. Rep., 662; sec. 1479, White's Ann. P. C., and cases there cited.

In view of another prosecution we will pass upon some other questions raised.

When appellant was first charged with having stolen the suit of clothes he at once claimed that he bought them from a certain party, paying him $2 therefor. He asked special charge No. 3, on the possession of recently stolen property and his explanation of how he came in possession. This charge should not have been given, but the court should have charged thereon in substance as held in Wheeler v. State, 34 Texas Crim. Rep., 350, and other cases. See sec. 1518, White's Ann. P. C.

The court should have given his charge No. 2, in substance at least, for if appellant himself did not actually steal the suit, but bought it from the thief knowing it to be stolen, he would not be guilty of the theft, but he would be guilty of receiving it. Buying stolen goods, knowing them to be stolen, is a separate offense from that of the theft of the goods. McAfee v. State, 14 Texas Crim. App., 668; White's Ann. P. C., sec. 1510, p. 616.

The court should not have given appellant's requested charge peremptorily instructing the jury to find him not guilty, because the State's evidence was amply sufficient to show his guilt, if believed by the jury.

For the fatal defect in the complaint and information, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*