BAKER BOSLEY v. THE STATE.

No. 5540. Decided February 11, 1920.

**Seduction—Continuance—Service in Army.**

Where defendant's application for a continuance showed that two of his absent witnesses were in the service in France during the late war, and were so situated that their evidence could not be obtained, and which was material, it was reversible error to overrule the same.

**2.—Same—Filing Affidavit—Practice on Appeal.**

Where it appeared in the transcript that the trial judge, after the final disposition of the case and notice of appeal, on his own accord filed what he termed bills of exceptions including certain affidavits of some of the absent witnesses named in the application for continuance, the same cannot be considered on appeal.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. J. B. Keith, judge.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ritchie & Ranspot,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited: Hineman v. State, 59 Texas Crim. Rep., 29, 127 S. W. Rep., 221.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of seduction and allotted two years in the penitentiary.

There is one question in the case which, we are of opinion, should reverse the judgment. Appellant filed application for a continuance. Two of the absent witnesses were in the service in France during the late war, and were so situated their evidence could not be obtained. If what is alleged could be proved by them it is of the most material character as it bore directly upon the chastity of the girl alleged to have been seduced. No diligence could have secured their testimony. Where this is the case diligence is excused. The law does not require impossibilities. There were other witnesses who were absent, their testimony being more or less of a material nature.

After the trial of the case and its final disposition the judge filed what he terms bills of exception, two in number. By these bills he puts into the record the affidavit of two of the absent witnesses, Williams and Phillips. These were not the witnesses who were in France. These affidavits came after the disposition of the case, motion for new trial was overruled and notice of appeal entered. These two affidavits and the bills as certified by the judge putting them in the record can not be considered. The case was not reopened, and defendant had no notice of the fact these bills of exception were placed in the record. They were not asked by either party to the litigation, but were placed in by the judge of his own motion. They, therefore, cannot be considered.

There are other questions raised, among others the sufficiency of the evidence, but in the attitude the case is presented these are not discussed. We are of opinion appellant is entitled to a new trial, and that it should have been awarded him on the showing made, especially in view of the meagerness of the testimony.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*