TOM PHILLIPS v. THE STATE.

No. 6089.   Decided April 6, 1921.

Rehearing denied June 8, 1921.

**1.—Misdemeanor Theft—Charge of Court—Practice on Appeal.**

Where none of the objections, were in the nature of an exception to the charge of the court or sufficient to bring same before this court for review, there was no reversible error.

**2.—Same—Sufficiency of the Evidence—Theft of Chickens.**

Where, upon trial of theft of chickens, the evidence was sufficient to support the conviction, there was no error on this ground.

**3.—Same—Complaint—Information—Fraudulent Taking—Pleading Insufficient.**

Where the complaint and information, in the trial of the theft of chickens, failed to allege that the property charged to have been stolen was fraudulently taken, the same must be dismissed on a motion in arrest of judgment.

**4.—Same—Rehearing—Information—Pleading—Rule Stated.**

Where the information alleged that defendant did unlawfully take, steal, and carry away, etc., omitting the word "fraudulently," such allegations are not equivalent to the use of the latter word, and the word "fraudulently" is indispensable in charging theft.  Following Connor v. State, 6 Texas Crim. App., 455 and other cases.

Appeal from the County Court of Williamson.   Tried below before the Honorable F. D. Love.

Appeal from a conviction of theft of chickens; penalty, a fine of $50. The opinion states the case.

*W. H. Nunn,* for appellant.

*H. N. Graves,* County Attorney, for the State.

LATTIMORE, JUDGE.—This conviction was for misdemeanor theft, and appellant's punishment was fixed at ten days in jail and a fine of $50.

The widow Struhall owned chickens, and on a certain night six of them disappeared from her hen house, among the number a white rooster with certain yellow feathers on his back, a dominique hen, a white hen, a black and two brown hens. Fresh shoe tracks were found next morning in the chicken yard along with a lot of fresh feathers; three chicken heads and some blood and feathers were found in a nearby vacant lot. For some reason, the officers who were notified the morning after the loss of the chickens, went to the restaurant conducted by appellant about 9 or 10 o'clock that morning and there found on his kitchen table six dressed chickens. Suspicion as to identity of the chickens as being Mrs. Struhall's, and of appellant as being their taker, led to questions as to where and how appellant got said chickens so found in his possession. He said he bought them from two little boys. Pressed for their names, he said he did not know, but later said they were named Willie and Frankie, but he did not know their surnames. He described the chickens before they were dressed as being two brown, one dominique and some black hens, beside a white rooster with a yellow saddle. He also said he had not paid the boys, but they would be back that afternoon about 6 o'clock for their money. The officers hid across the street that afternoon but no boys came to appellant's place. About 8 o'clock they again went to see what he had to say, and he then claimed that though the boys had not come, a man named George had been there and demanded pay for the fowls, but that he had not paid him. The next morning the insistent officers again interviewed appellant, and he said George Kellog had been to see him again the night before and wanted him to pay for the chickens, and that Kellog lived on the Cabiness farm. The officers went out to the Cabiness place but failed to find Kellog, and they seem to have then proceeded against appellant. The city marshal testified that he knew no boys in Granger, a town of about a thousand people, named Willie or Frankie, and also when they got to appellant's place the chickens had already been picked and cleaned.

This is the second appeal. Sec. 86 Texas Crim. Rep., 624. The case was reversed at a former time because of the erroneous admission of a statement of appellant. On the instant trial certain exceptions were reserved to the court's charge, in substance that a verdict of not guilty should have been instructed; that the identity of the chickens had not been established; that appellant's explanation of his possession was reasonable, and its falsity not shown; that the material allegations of the information had not been proven. None of these appear to us to be in the nature of exceptions to the court's charge, nor are they sufficient to bring same before us for review.

Appellant asked a peremptory instruction in his favor, and also another special charge, the latter, however, appearing to be covered by the main charge of the trial court. The evidence as to the identity of the chickens is circumstantial, but we are not prepared to say that same is so wanting in weight and sufficiency as to make the verdict of the jury

without support or to call for a peremptory charge in favor of appellant. The correspondence in the time of loss by Mrs. Struhall and the acquisition by appellant; the same number of chickens; the same general description by color and sex; one rooster and five hens; the expedition with which the fowls were picked and cleaned, all six of them being so treated in the early morning of one day; the Willie-Frankie story; the failure to find George Kellog; the entire failure of the evidence to account in any satisfactory manner for appellant's possession of the six chickens so closely identified and connected, all· seem to us to point with sufficient clearness to appellant's connection with the taking of said chickens as to have justified the jury in their conclusion.

Having found no error in the record the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

May 4, 1921.

LATTIMORE, JUDGE.—By some means we overlooked appellant's motion in arrest of judgment which is now called to our attention on this rehearing. It appears therefrom that appellant urged, in arrest of judgment, the insufficiency of the complaint and information against him herein, in that same failed to allege that the property charged to have been stolen was "fraudulently" taken. An examination of said complaint and information makes it evident that the complaint is well founded. This is a matter of substance and not mere form, and may be raised by motion in arrest of judgment, or in this court for the first time. Baldwin v. State, 76 Texas Crim. Rep., 499, 175 S. W. Rep., 701; Branch's Ann. P. C., Sec. 2425; Vernon's P. C., p. 832.

Because of the failure of said pleadings to contain this necessary allegation, the motion for rehearing must be granted, the judgment reversed and the prosecution ordered dismissed.

*Dismissed.*

ON REHEARING.

June 8, 1921.

HAWKINS, JUDGE.—At a former day of the term this case was affirmed, then later reversed and ordered dismissed because our attention, on appellant's motion for rehearing, was called to an alleged defect in the information. The State has now filed a motion for rehearing by and through the Hon. H. N. Graves, who was County Attorney of Williamson County when the prosecution in this case was

had. The information alleges that appellant "did unlawfully take, steal and carry away, etc." omitting, as will be seen the word "fraud ulently." It is now insisted that the allegations in the information are equivalent to the use of the latter word.

It has been so long held by this court that the use of the word "fraudulently" is indispensible in charging theft under our statute it would be unwise to make a departure even if the State's contention were even more meritorious than ingenious. But we cannot agree with the proposition that the words used supply the word "fraudulently." Prim v. State, 32 Texas, 158; Connor v. State, 6 Texas Crim. App., 455; Young v. State, 12 Texas Crim. App., 614; Muldrew v. State, 12 Texas Crim. App., 617; Sloan v. State, 18 Texas Crim. App., 225; Ortis v. State, 18 Texas Crim. App., 282; Ware v. State, 19 Texas Crim. App., 13; Chance v. State, 27 Texas Crim. Rep., 441, 11 S. W. Rep., 457; Doxey v. State, 12 S. W. Rep., 412; Watt v. State, 61 Texas Crim. Rep., 662, 136 S. W. Rep., 56; Baldwin v. State, 76 Texas Crim. Rep., 499, 175 S. W. Rep., 701.

The motion for rehearing is overruled.

*Overruled.*