## John Byrd v. The State.

### No. 6191. Decided May 25, 1921.

**1.—Intoxicating Liquors—Dean Law—Continuance—Diligence.**

Where diligence was sufficient as to one of the witnesses, and the record showed that the other was ill at the time of the trial, and that diligence would not have availed to procure her testimony, and such testimony was material, the application should have been granted, and a refusal to do so was reversible error.

**2.—Same—Accomplice—Charge of Court—Practice on Appeal.**

In the absence of an exception to the action of the trial court, in failing to charge that the purchaser of the liquor was an accomplice, and no special charge having been asked presenting this issue, this would not constitute reversible error.

Appeal from the District Court of Red River. Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of a violation of the Dean law; penalty, imprisonment for one year in the penitentiary.

The opinion states the case.

*Prentice Wilson* and *B. B. Sturgeon,* for appellant.—On question of overruling motion for continuance: Logan v. State, 47 S. W. Rep., 645; Sherwood v. State, 225 id., 1101; Barton v. State, 227 id., 232.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Red River County of selling intoxicating liquor in violation of what is known as the Dean law, Acts Second Called Session, Thirty-sixth Legislature, p. 228.

Appellant applied for a continuance because of the absence of his wife and Mrs. Black. Appellant's wife had been duly subpœnaed but was not able to appear at the trial because of illness as certified to by a doctor. We are of opinion that sufficient diligence was shown as to this witness. A subpœna had been asked for Mrs. Black who lived in Titus County, and it did not appear that said process had ever been issued or served upon her, except by the statement of appellant to that effect in his application for a continuance, and this is not sufficient. The facts must be shown. Branch's Ann. P. C., Sec. 315.

The alleged purchaser of the intoxicating liquor, was Royce Wilson, who testified that he an one Hargrove drove with appellant in a car fifteen miles out from Clarksville to the home of appellant on the morning of Thursday, September 16, 1920, and there procured certain whisky, a part of which was given by appellant to Wilson in payment for his services and the use of his car in making said trip. This

witness testified that they left Clarksville about 7 or 8 o'clock in the morning and returned before noon, and that witness was arrested for his connection with said liquor before noon also. Wilson was corroborated in his story by Hargrove. Appellant denied·having gone to his home on the occasion in question, with said men, and denied knowing Wilson at all. He further stated that on the morning of Thursday, September 16, 1920, he left his home, came fifteen miles to Clarksville in a buggy, and there got with two men, Smiley and White, and with them went back in a car to his home to look at some cattle, reaching his place about 10 o'clock and remaining around the premises until about 2 o'clock, about which time he left and went back to Clarksville in the car with said two named men, and that he was not with Wilson or Hargrove at all during said day, or at any other time. By his wife and Mrs. Black, who is·appellant's daughter, he expected to prove that he spent the night of September 15, 1920, at his said home. and on the morning of Thursday, September 16th, he went·in a buggy at about 7 o'clock to Clarksville, and some three hours later returned home in a car with Smiley and White, and remained about the place until in the neighborhood of 2 o'clock. That no other car came to said house on said day, and that Royce Wilson was not there and did not come there in a car at all. There can be no question but that this testimony was material, and in our opinion the continuance should have been granted. The evidence does not come under the head of cumulative testimony, nor is the rule as to cumulative testimony to be applied strictly to first applications for continuance. Buck Smiley, one of the witnesses as to the matters of defense above set out. admitted on cross-examination that he was under indictment himself for selling liquor. which fact made stronger appellant's need for the testimony of the two women. Diligence as to the matter of Mrs. Byrd's testimony was shown, as above stated, and while it does not appear as to Mrs. Black, still it is shown from the record that she was sick at the time of trial and that diligence would not have availed to procure her testimony.

In view of the reversal of this case made necessary by the refusal of said continuance, we further observe that the evidence of the witness McKinney to the effect that he was present when Royce Wilson pointed out appellant as the man who sold him liquor, would be objectionable as hearsay.

No exception was taken to the action of the trial court in failing to charge that Wilson was an accomplice, and no special charge was asked presenting this issue, hence the action of the trial court in failing to charge on such testimony would not be reversible error. Branch's Ann. P. C., Sec. 716, but if excepted to, or such charge be requested and refused, error would appear.

For the error in refusing the continuance a reversal is made necessary, and same is ordered.

*Reversed and remanded.*