## WICHITA PETROLEUM CO. v. BELL.
### (No. 8669.)

(Court of Civil Appeals of Texas. Galveston May 19, 1925.)

1. **Continuance** ⚌⚌23—Motion for continuance on ground of absence of witness held erroneously refused, in view of facts.

   In action to recover two-thirds interest in oil lease, it was error for court to refuse defendant's application for continuance for absence of witness, where motion sufficiently complied with statute, materiality of facts expected to be elicited from absent witness could not be questioned, and, if such testimony was true, plaintiff would not have been entitled to judgment awarded by court below.

2. **Continuance** ⚌⚌26(5)—No showing of diligence required, where application shows no amount of diligence could have procured testimony of absent witness.

   Despite the fact that no process was issued for witness or attempt to secure his testimony by deposition, a motion for continuance was erroneously refused, where application for continuance showed that no amount of diligence could have secured such testimony; rule being that no diligence is required on motion for continuance, where motion shows that no amount of diligence on part of defendant could have procured testimony of absent witness.

⚌⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from District Court, Brazoria County; M. S. Munson, Judge.

Action by J. P. Bell against the Wichita Petroleum Company and others. From a judgment for plaintiff, defendant named brings error. Reversed and remanded.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for plaintiff in error.

PLEASANTS, C. J. This suit was brought by defendant in error against plaintiff in error and a number of other defendants to recover a two-thirds interest in an oil and gas lease of 4½ acres of land on the George Tennille league, in Brazoria county, and the value of all of the oil taken from said leased premises after February 5, 1921. Plaintiff claimed title by purchase under a judgment of foreclosure rendered by the district court of Harris county in a suit brought by him against H. H. Helm and E. O. Glen, the then owners of the leasehold interest in the land.

This suit was filed on November 23, 1922. The plaintiff in error filed an answer on February 5, 1923, which contains, with other defensive pleas, the averment in substance that, after plaintiff had obtained his judgment of foreclosure in the district court of Harris county, there being then no producing well on such leasehold, plaintiff in error, who owned an interest in the leasehold, entered into an agreement with plaintiff by the terms of which he undertook to drill a well upon said leased premises, for which plaintiff in error agreed to pay him, and further promised and agreed that he would not have an order of sale issued upon his foreclosure judgment until after the completion of said well; but in violation of his said agreement plaintiff procured the issuance of an order of sale on said judgment before the completion of the well. It is further averred in substance:

"That when plaintiff in error called upon him for an explanation of such conduct defendant in error agreed to buy the leasehold in at said foreclosure sale for the benefit of this defendant, and actually did so for the sum of $1,000. That, after said purchase for this plaintiff in error, defendant in error completed said well, and plaintiff in error paid him in full for his services in drilling said well, and demanded that the conveyance be made to this plaintiff in error of the title acquired under said sale in pursuance of said agreement, and tendered to defendant in error said $1,000 purchase money, but defendant in error refused to so convey. That upon institution of this suit plaintiff in error tendered said $1,000 to defendant in error and demanded a conveyance, and by its answer tendered into court said $1,000, and offered to pay any other sum that the court might find defendant in error equitably entitled to receive, and prayed for judgment for the title to said leasehold estate and for the value of all oil produced therefrom."

When the case was called for trial on February 12, 1923, plaintiff in error presented the following application for a continuance:

"Now comes the defendant Wichita Petroleum Company in the above entitled and numbered cause, and states to the court:

"That it cannot safely go to trial at this term of court, on account of the absence of the testimony of W. H. Cannon, I. M. Putman, and P. D. Sakladala, who are witnesses in behalf of said defendant. That this cause was filed in this court on the 23d day of November, 1922. That service of citation to nonresident was issued out of this court, to serve this defendant on December 1, 1922, and served on the 15th day of January, 1922. That the defendant is a nonresident corporation, incorporated under the laws of the state of Delaware, and has its office in New York City, New York. That the witness W. H. Cannon is now on a trip to Europe, and will not return until about the first of April, 1923. That the testimony of said witness is material in the defense of the defendant herein, in that defendant expects to prove by the said witness that, after the judgment of the Eleventh district court of Harris county, Tex., was rendered in behalf of the plaintiff on March 3, 1922, for the sum of $8,044.93, and the foreclosure of the liens as described in the sixth paragraph of plaintiff's petition, and before the issuance of the order of sale foreclosing said judgment lien, as described in said sixth paragraph of plaintiff's petition, that the plaintiff, J. P. Bell, entered into a contract with this defendant, whereby plaintiff agreed with this defendant that he would drill an oil well upon the lands described in plaintiff's petition, and that he would not cause to be issued an order of foreclosure from the district court of Harris county in said foreclosure proceedings as described in the sixth paragraph of plaintiff's petition, until after the plaintiff should complete said well, and that defendant agreed to pay the plaintiff for the drilling of said well, and that this was done for the purpose of indicating to this defendant as to whether or not the land described in plaintiff's petition was of any value for oil.

"That the plaintiff, disregarding said agreement, and while said well was being drilled by plaintiff on said land as aforesaid, caused an order of sale to be issued out of said district court of Harris county, Tex., in said cause as described in the sixth paragraph of plaintiff's petition. Said order of foreclosure was issued to the sheriff or any constable of Brazoria county, Tex., and was placed in the hands of the sheriff of Brazoria county, Tex., and sheriff caused notice to be given of the sale of said premises under said order of foreclosure, and that all of this act of the defendant (plaintiff) in causing said premises to be advertised for sale under said order of foreclosure was in direct violation of the contract theretofore had and entered into by and between the plaintiff and this defendant. That before the date of sale of said property as described in plaintiff's petition was had, to wit, on the first Tuesday in September, 1922, the defendant (plaintiff) agreed that he would buy said property at said foreclosure of sale on the first Tuesday in September, 1922, for and on account of the benefit of this defendant and that at said sale this defendant and Wilson Petroleum Company bought in said property at said sale for the sum of $1,000, and had conveyance made to the plaintiff and said Wilson Petroleum Company by the sheriff of Brazoria county, Tex., and that at that time said well which the plaintiff had agreed to drill for defendant on said prem-

ises had not been completed, and had not been finished, and said well was completed about the 1st of October, 1922, and the plaintiff, recognizing the rights and title of this defendant to said oil and gas well on the premises as described in plaintiff's petition, demanded of this defendant compensation for the drilling and completion of said oil and gas well, which was completed and partly drilled after said order of foreclosure was issued, and after said sale had been made as aforesaid, and that, at the time of said payment as aforesaid by this defendant to the plaintiff for the drilling of said well, plaintiff admitted that he had purchased said oil and gas lease and equipment thereon for the benefit of this defendant, but refused to make transfer of said lease to this defendant until this defendant should pay to the plaintiff and the said Wilson Petroleum Company the sum of approximately $15,000. That then and there this defendant offered and agreed to pay to plaintiff the sum of $1,000 and all expense incurred in the purchasing of said lease and equipment as aforesaid on the premises described in plaintiff's petition, and tendered plaintiff said sum of money, which plaintiff refused to accept.

"That plaintiff thereafter has instituted this suit, and is denying the title of the defendant to said lease and equipment or any interest therein. That after the service of citation was had upon this defendant this defendant did not have time to take the depositions of said parties and have them returned to this court for this trial, because it would require at least 15 days for the purpose of serving copy of said interrogatories on the plaintiff and all of the other defendants in this suit, and that many of the defendants in this suit are nonresidents of this state, and it would have required many days for the interrogatories to be propounded to said witnesses and served upon each of said defendants, so as to bind each of the defendants in this suit by said interrogatories, and that it would have required about 15 days thereafter for commission to be sent to New York and said depositions be taken and returned into this court, and that no amount of diligence would have secured the testimony of said witnesses for the trial of this cause, on account of the number of defendants to be served with copy of the interrogatories, which was necessary to be served in order for the commission to issue to take the depositions of said witnesses, and that there are a large number of defendants in this case, who are widely scattered and reside in different states, and this defendant could not have reasonably procured the testimony of said witnesses by any amount of diligence if he had served all of the defendants as well as the plaintiff with notice to take said depositions and had given them lawful amount of time within which to have cross-interrogatories propounded to said witnesses.

275 S.W.—14

"This defendant claims twenty-three thirty-seconds interest in said oil and gas lease and all equipment thereon, except such personal property as may have been placed upon said lease by the plaintiff. This application is not sought for delay only, but that justice may be done, and that this is the defendant's first application for continuance.

"Wherefore defendants pray the court to continue this cause until the next term of the court."

This application was sworn to by one of the attorneys for plaintiff in error. The trial court refused to grant a continuance, and upon the trial of the case rendered a judgment in favor of plaintiff against all of the defendants.

[1] We think the court erred in overruling this motion for a continuance. It sufficiently complies with the statute, and the facts therein stated were not contested. The materiality of the testimony expected to be elicited from the absent witness cannot be questioned. It would have supported the allegations of the answer of the plaintiff in error, and, if these allegations are true, plaintiff in the court below was not entitled to recover from plaintiff in error the land and oil claimed by him and awarded him by the judgment.

[2] While no process was issued for the witness, and no attempt made to take his deposition, the facts alleged in the application show that no amount of diligence in this respect could have secured the testimony of the witness, and plaintiff in error was not required to do a vain and useless thing, in order to protect his right to have his witnesses or their testimony heard upon the trial of the case.

Our Court of Criminal Appeals has ruled that, when a motion for continuance shows that no amount of diligence on the part of a defendant could have procured the testimony of an absent witness no showing of diligence is required. Bosley v. State, 86 Tex. Cr. R. 619, 218 S. W. 750. This ruling is so obviously sound that it should be followed by all of our courts. As presented by this record, we feel constrained to hold that the trial court erred in refusing to grant the application for a continuance. Cleveland v. Cole, 65 Tex. 402; Doll v. Mundine, 84 Tex. 315, 19 S. W. 394; Oil Co. v. Swinney (Tex. Civ. App.) 254 S. W. 137.

This conclusion requires that the judgment be reversed, and the cause remanded; and it has been so ordered.

Reversed and remanded.