## A. J. Newman v. The State.

No. 12778.  Delivered January 1, 1930.

The opinion states the case.

*Joseph F. Greathouse* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for the attempt to commit the offense of burglary; punishment fixed at confinement in the penitentiary for a period of two years.

The indictment charges an attempt to enter and break into the house of John Hutchins "with the intent then and there to take therefrom corporeal personal property." An indictment for burglary or attempt to commit burglary in order to commit the crime of theft has, in many decisions of this court, been declared insufficient unless the elements of the crime of theft are properly embraced therein. For collation of authorities and for the forms of indictments, reference is made to Branch's Ann. Tex. P. C., secs. 2322, 2323, 2324, and 2329. Among the cases collated are State v. Williams, 41 Tex. Rep. 101; White v. State, 1 Tex. Cr. App. 211, and numerous others. The essential element of the crime of theft, as defined by statute, is the *"fraudulent"* taking of corporeal personal property. See P. C., 1925, Art. 1410. The element mentioned, namely, fraudulent taking, has been declared indispensable. See Prim v. State, 32 Tex. Rep. 157; and other cases collated in Vernon's Ann. Tex. P. C., Vol. 3, p. 129, note 14. That announcement is reaffirmed in the case of Phillips v. State, 231 S. W. 400. See also the case of Watt v. State, 136 S. W. 56, and collation of cases in Branch's Ann. Tex. P. C., sec. 2426.

The judgment is reversed and the cause dismissed.

*Dismissed.*

Hawkins, J., absent.