## IRA HANEY v. THE STATE.

No. 14006.   Delivered February 25, 1931.
State's Rehearing Granted April 1, 1931.

The opinion states the case.

*Will S. Payne,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

The indictment alleges that appellant "did then and there unlawfully take one head of cattle," etc., omitting the word "fraudulently". The use of the word "fraudulently" is indispensable in charging theft under our statute.   Byrd v. State, 89 Texas Crim. Rep., 371, 231 S. W., 399; Prim v. State, 32 Texas, 158; Conner v. State, 6 Texas App., 455; Young v. State, 12 Texas App., 614; Muldrew v. State, 12 Texas App., 617; Sloan v. State, 18 Texas App., 225; Ortis v. State, 18 Texas App., 282; Ware v. State, 19 Texas App., 13; Chance v. State, 27 Texas App., 441, 11 S. W., 457; Doxey v. State (Tex. Sup.), 12 S. W., 412; Watt v. State, 61 Texas Crim. Rep., 662, 136 S. W., 56; Baldwin v. State, 76 Texas Crim. Rep., 499, 175 S. W., 701; Newman v. State, 113 Texas Crim. Rep., 517, 23 S. W. (2d) 367. In Byrd v. State, supra, it was held that an allegation that the appellant "did unlawfully take, steal and carry away" was not equivalent to an averment that he "did then and there fraudulently take," etc.

The judgment is reversed and .the prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—From the supplemental transcript filed in connection with the State's motion for rehearing, it is made to appear that in copying the indictment in the transcript the clerk, by inadvertance, omitted the word "fraudulently" which was, in fact, embraced in the indictment. The record, as corrected, eliminates the fault upon which the order reversing the case and ordering a dismissal was based. From the corrected record it is shown that the indictment in appropriate language charged that the appellant did "unlawfully and *fraudulently* take one head of cattle," etc.

No bills of exception are found in the record.

The contention is made that the proof fails to support the allegation in the indictment that the property was in the possession of Dr. A. Carmichael. Reference is made to the opinion in the case of Haney v. State, 117 Texas Crim. Rep., 560, 36 S. W. (2d) 1033, (delivered Feb. 25, 1931) for a discussion of the question. The testimony touching the matter of variance is the same as that set forth in the opinion last mentioned.

The State's motion for rehearing is granted, the judgment of reversal and order of dismissal are set aside, and the judgment of the trial court is now affirmed.

*Granted.*