## RAYMOND HENDERSON v. THE STATE.

No. 15233. Delivered June 1, 1932.
Rehearing Granted June 22, 1932.
Reported in 51 S. W. (2d) 686.

The opinion states the case.

*Harvey Shead* and *Fred Erisman,* both of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, three years in the penitentiary.

It is to be regretted that we cannot consider either the statement of facts or bills of exception because filed too late. The learned trial judge, in order to complete the trial of this case, extended his term of court one

week, which extended term ended October 10, 1931. This trial was concluded on October 7th, on which day the motion for new trial was overruled and notice of appeal given. Computation of time makes plain the fact that the ninety days after the giving of notice of appeal had expired, this being the time fixed by article 760, C. C. P., within which statement of facts and bills of exception must be prepared and filed. The bills of exception appearing in this record, and also the statement of facts, were filed on January 7, 1932. All were filed after the expiration of said ninety-day period, and for that reason cannot be considered. All matters of procedure appear to be regular.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant raises a matter not heretofore raised nor called to our attention, and which escaped us. The indictment herein charging an attempt to commit burglary, fails to allege that appellant intended, in attempting to break and enter the house in question, to "fraudulently" take therefrom corporeal personal property therein belonging, etc. In other words, that the indictment omits the necessary allegation that appellant intended to fraudulently take the property in the house. The matter has been recently before this court and there discussed, and an indictment of this kind held bad. See Newman v. State, 113 Texas Crim. Rep., 517, 23 S. W. (2d) 367.

The indictment being fatally defective, appellant's motion must be sustained, and the judgment of affirmance will be set aside, and the cause will now be reversed, and because of the fault of the indictment ordered dismissed.

*Reversed, and indictment ordered dismissed.*