ESMOND PICKENS GUE v. STATE

No. 33,882.   November 22, 1961

WOODLEY, Presiding Judge, concurred.

*Charles W. Tessmer*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *John Rogers, O. H. Harris, Robert Maloney, Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

Dallas police officers Walker and Turner testified that at 12:30 A.M., on the night in question they observed an automobile being driven slower than the minimum speed on the expressway, that it would slowly go over into a traffic lane other than the one in which it was traveling and then suddenly whip back and into the traffic lane on the other side, that the red light on their police car was turned on and the automobile came to a halt on the shoulder. They testified that appellant was in the automobile alone, dressed in pajama pants, a houserobe, sox and no shoes; that they detected a strong smell of intoxicants on appellant's breath; that appellant said he had been drinking highballs at home; that his speech was slurred, his eyes were watery, and his face was flushed; that he staggered when walking back to the police car, and both of the witnesses expressed the opinion that appellant was intoxicated, although appellant had volunteered the opinion that he was not drunk.

Appellant called reputation witnesses and testified himself that upon his arrival at home that evening his wife had fixed him three, four, or possibly five, bourbon highballs before dinner; that after midnight he decided to go downtown to his office and was apprehended by the officers, whom he had passed on the freeway while exceeding the speed limit, and that even though he had been drinking he did not consider that he was drunk.

He also called his personal physician, who testified that he talked with appellant on the telephone shortly after his arrest and had no trouble understanding him, and his wife, who testified that as was their custom she fixed three or four gin mixed drinks for appellant before dinner on the night in question, that he "almost always" drank gin, and that after a late dinner she retired for the evening.

The jury resolved the conflict in the evidence against appellant, and we shall discuss the three questions presented by brief and in argument. The first is the most interesting. It is concerned with the testimony of Officer Walker in which he related that when he and his companion arrived at the jail with appellant they carried him before the "supervisor on the desk." We quote that which followed:

"Q. Did he have a chance to observe the Defendant? A. Yes, sir.

"Mr. HENDERSON: If your Honor, please, certainly that would be a violation of the best evidence rulé. It would be speculative, hearsay, prejudicial, conclusion. "THE COURT: Well, there's been no effort to elicit any conversation. The question was whether the officer had a chance to observe him. Now, I'll overrule it. If they go further, you object, Mr. Henderson.

"Q. (By Mr. Maloney) After this officer had a chance to observe the Defendant, was the Defendant booked on any charge, and if so, what charge? A. Yes, sir, investigation of DWI."

The first question and answer were not incriminating. The court properly overruled the objection but cautioned counsel to be on guard and object again if the state sought to "go further." The second question and answer may have been damaging to appellant and improper, but no objection was leveled thereto, and therefore no error is presented for review. This disposition of this question precludes the necessity of determining whether the rule announced in Byrd v. State, 89 Tex. Cr. Rep. 371, 231 S.W. 399, Priest v. State, 162 Tex. Cr. Rep. 66, 282 S.W. 2d 390, and Johnson v. State, 167 Tex. Cr. Rep. 382, 320 S.W. 2d 831, upon which appellant relies, shall have application here.

The second question arises out of the cross-examination of appellant's wife. Appellant's contention is predicated upon the assumption that no objection is necessary. Though the opinion in Brock v. State, 44 Tex. Cr. Rep. 335, 71 S.W. 20, might be construed as supporting appellant's contention, we have concluded that this question was put to rest in our relatively recent opinion on rehearing in Williams v. State, 161 Tex. Cr. Rep. 500, 279 S.W. 2d 348, wherein we said:

"An accused will not be permitted to introduce his wife as a witness in his behalf, remain silent during her cross-examination, and secure a reversal in the event any part of her cross-examination impinges upon the rule forbidding the use of the wife as a witness against her husband."

At most, the cross-examination complained of related to a conflict between appellant and his wife as to the type of alcoholic beverages which he consumed on the night in question, plus the fact that appellant's wife testified that it would have been physically possible for him to have drunk something further after she retired but that he never did drink after eating. We find no error reflected by this contention.

The last contention seems to be that the prosecutor overreached appellant in his cross-examination. The prosecutor asked appellant:

"Q. Now, would they (the officers) be mistaken if they said that was not so? A. Well, I think they cooked up that story. Mister.

"Q. In other words, you feel those officers are lying? A. I do. I feel like they made up that story and are stuck with it.

\* \* \* \*

"Q. \* \* \* when they say that you were weaving out there on Central Expressway that night, they were lying, is that correct? A. That's my opinion."

When finally an objection was interposed, the court sustained the same as to the word "lying," but overruled the objection as to a question concerning their "making up a story."

In view of the proceding questions to which no objections were made, we perceive no error in the court's ruling as to the last. Such also is the case as to the questions concerning how much it took to intoxicate appellant. Prior to the asking of the question to which an objection was interposed, appellant had testified, without objection, that it took three-fourths of a fifth of liquor to make him drunk.

Finding no reversible error, the judgment of the trial court is affirmed.

WOODLEY, Presiding Judge (concurring)

As to the questions propounded to Officer Walker, our holding should be that there was no error.  I concur in the affirmance of the conviction.