**Vernon Otis BEAVERS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36865.**

Court of Criminal Appeals of Texas.

April 22, 1964.

Rehearing Denied May 20, 1964.

Henry Tirey, M. J. McNicholas, Dallas, for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is rape; the punishment, 75 years in the state penitentiary.

The statement of facts is not complete and contains only the testimony of Myra Beavers, the wife of the appellant. In the absence of a complete statement of facts the question of the sufficiency of the evidence is not before us. Sullivan v. State, Tex.Cr.App., 377 S.W.2d 952, delivered this day. We are also unable to consider whether or not the penalty is excessive. We do observe that it is within the limits allowed by statute.

In his brief appellant relies upon six propositions or contentions. Each conten-

tion being that although appellant waived the incapacity of his wife to testify against him when he called her as witness in his defense, the state overstepped the limited cross-examination allowed.

In his first proposition appellant contends that the trial court erred in not granting a mistrial when Assistant District Attorney Bondies asked appellant's wife on cross-examination, "So you * * * do you really know yourself whether or not he penetrated her or not?"

A: "To my knowledge, I don't think so."

Q: "All right, I realize you probably wish he hadn't of, but we're concerned with what happened."

■ ■ Appellant then objected to the statement as " * * * highly prejudicial, and furthermore at this time that the jury be discharged and a mistrial granted." The Court overruled the motion for mistrial. We think properly so. Appellant made no request that the jury be instructed to disregard the Assistant District Attorney's statement.

Appellant's remaining contentions are also without merit. The record reflects that appellant made no objection when the evidence complained of came in, his contention being that no objection was necessary, and that the state's cross-examination of appellant's wife was not pertinent or germane to the testimony given by her on direct examination.

Art. 714 C.C.P. provides in part that the husband or wife shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other.

In Gue v. State, 171 Tex.Cr.R. 421, 351 S.W.2d 237, Judge Morrison quoted from Williams v. State, 171 Tex.Cr.R. 500, 279 S.W.2d 348, 350 as follows:

"An accused will not be permitted to introduce his wife as a witness in his behalf, remain silent during her cross-

examination, and secure a reversal in the event any part of her cross-examination impinges upon the rule forbidding the use of the wife as a witness against her husband."

While we do not agree with appellant's contentions that objections are unnecessary, we find the cross-examination of appellant's wife to have been properly within the scope of matters adduced upon direct examination.

No reversible error appearing, the judgment of the trial court is affirmed.