Larry M. WILMETH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00397 CR.

Court of Appeals of Texas,
Dallas.

Feb. 19, 1982.

Rehearing Denied April 27, 1982.

Charles W. Tessmer, Dallas, for appellant.

Tom O'Connell, Dist. Atty., Bill Schultz, Asst. Dist. Atty., McKinney, for appellee.

Before AKIN, SPARLING and FISH, JJ.

ON MOTION FOR REHEARING

AKIN, Justice.

On Motion for Rehearing defendant argues that our opinion is in conflict with this court's opinion in *D. L. N. v. State*, 590 S.W.2d 820 (Tex.Civ.App.—Dallas 1979, no writ). Because our original opinion is not inconsistent with the rationale of *D. L. N.*, we overrule defendant's motion for rehearing, 629 S.W.2d 218.

In *D. L. N.* the appellant, a fifteen year old boy, was found by a jury to have engaged in deviate sexual intercourse with a three year old girl. The only witness to the incident was an eight year old child. Nevertheless, the State introduced the testimony of the complainant's mother, the complainant's father, a minister, and a police officer, all of which was clearly hearsay. The complainant's mother testified that she had heard the child sing a song indicating her participation in an oral sex act and that when questioned about the matter, the child replied, "that it was in his zipper. It was in his britches." The complainant's father testified that when he asked the child to demonstrate what had happened, she responded by pulling up her dress and saying, "He kissed me right there." The father further testified that when asked what appellant made her do, complainant went over to appellant, put her head in his lap and tried to undo his pants. The minister testified to the identical facts as the father. The police officer testified that he had given the appellant a polygraph test and that as a result of his investigation, he had filed a charge of "indecency with a child" against appellant. In reversing the judgment, this court held that the hearsay testimony was so highly prejudicial that it would not be dismissed as harmless. Furthermore, the record reflected a conscious attempt by the prosecutor to secure a delinquency adjudication on the basis of incompetent evidence. 590 S.W.2d at 824.

The rationale of *D. L. N.* was that the cumulative effect of the hearsay testimony was such that appellant was denied a fair trial. Additionally, the hearsay testimony presented new facts before the jury which were not before the jury by competent evidence. Such is not the case here. The hearsay testimony in this case offered no new evidence, but merely recited facts al-

ready properly in evidence. Neither was there a showing that the State was seeking a conviction based solely on incompetent evidence. Accordingly, defendant's Motion for Rehearing is overruled.