### John Grissom v. The State.

#### No. 1792. Decided January 25, 1899.

1. **Theft—Indictment—Description of Property.**

An indictment for theft sufficiently described the property as "one watch and one pocketknife."

2. **Theft from the Person—Several Articles—Proof as to One.**

Where an indictment for theft from the person alleges that several different articles were taken, proof of the taking of any one of them will support a conviction.

3. **Charge of Court.**

In order to authorize a reversal for errors in the charge of the court, such errors must not only be calculated to injure the rights of the accused, but they must be excepted to at the time of the trial or on motion for new trial. Such errors can not be urged for the first time in the assignment of errors and after jurisdiction on appeal has attached.

APPEAL from the District Court of Grayson. Tried below before Hon. Don A. Bliss.

Appeal from a conviction for theft from the person; penalty, six years imprisonment in the penitentiary.

The indictment charged that appellant, "on the 1st day of June, 1898, did unlawfully, fraudulently, and privately take from the person and possession of Neal Williams, without the knowledge or consent of the said Neal Williams, corporeal personal property then and there belonging to the said Neal Williams, to wit, one watch and one pocketknife and two one dollar bills," etc.

Defendant made a motion to quash the indictment, because (1), "it does not sufficiently describe the articles therein alleged to have been stolen." (2) "Defendant, in said indictment is not notified of what kind of watch, knife, or bills he stands charged with stealing," etc. This motion was overruled.

No further statement necessary.

No brief for appellant.

*Mann Trice,* Assistant Attorney-General, for the State, in support of the sufficiency of the indictment, cited Jackson v. State, 34 Texas Criminal Reports, 90; Jones v. State, 39 Texas Criminal Reports, 387.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft from the person, and his punishment assessed at confinement in the penitentiary for a term of six years; hence this appeal.

He interposed a motion to quash the indictment, as well as a motion to arrest the judgment. The grounds of both motions are based upon the alleged insufficient description of the property charged to have been stolen. The property is described as follows: "One watch and one pocketknife, and two one-dollar bills." This description is sufficient as to the watch and pocketknife. It was not necessary to describe the watch as being a gold watch, a silver watch, or a brass watch; nor was it necessary to describe the peculiarities of the knife. In fact, the description of the knife was sufficient when it was alleged to be a pocketknife. Its color, length, etc., were not necessary to be stated. The description of the watch and knife being sufficient, it is unnecessary to discuss the question as to whether the two one-dollar bills were sufficiently described.

The fourth assignment of error is predicated upon the action of the court in overruling the motion for new trial. Said motion sets out three grounds. The first and second relate to the sufficiency of the evidence, and the third to the overruling of the motion to quash the indictment. We are of opinion that the evidence is sufficient to support the judgment. There is a conflict in the evidence as to the intent with which defendant took the property. If his contention is correct, he took it for the purpose of taking care of it at the request of the alleged owner. This is denied by the owner, and there is quite a lot of testimony which corroborates the owner in regard to the fact that the property was taken from his person while he was asleep, without his knowledge or consent. These issues were properly submitted to the jury in the charge of the court.

The fifth assignment of error asserts "that the fourth paragraph of the court's charge was manifestly unjust to appellant." This paragraph of the charge is an application of the law to the facts in the usual form; that is, if the jury believed beyond a reasonable doubt that appellant privately and fraudulently took from the person and possession of Neal Williams, without his knowledge and consent, a watch, pocketknife, and two one-dollar bills, or any of said property, with intent to deprive Williams of the value of the property, and appropriate it to the defendant's use, they would convict him. We think this is a clear statement of the law. If he took either the watch or knife, he would be guilty. But this question was not suggested by appellant until the cause reached this court. It is true, the assignment of errors was filed in the

court below, but it was subsequent to the attaching of the jurisdiction of this court. Under the recent act of the Legislature, in order to reverse the judgment on account of errors in the charge of the court, said errors must not only be calculated to injure the rights of the accused, but they must be excepted to at the time of the trial or on motion for new trial. This was not done, and the question was raised for the first time, as stated above, in the assignment of errors in this court. But, if it had been raised in the trial court, as required by the late statute, there was no error. The judgment is affirmed.

*Affirmed.*