A. H. LEWALLEN, ALIAS W. PETERS, ALIAS G. G. RUSSELL v. THE STATE.

No. 3011.   Decided May 17, 1905.

**1.—Theft of Horse—Charge of Court—Inadvertent Use of Word.**

Where in copying the statute under which the indictment was framed the court in his charge inadvertently used the word "is" instead of "his," there was no reversible error.

**2.—Same—Charge of Court—Weight of the Evidence.**

Where in a prosecution for fraudulent conversion of a hired horse, the court instructed the jury that if defendant was in possession of the hired horse by virtue of a contract of hiring, etc., there was no merit in an exception that the charge assumed as a matter of fact that there was no such contract, but *still* left it as a matter of fact to the jury.

**3.—Same—Charge of Court—Defensive Theory.**

Where the defensive theory in a prosecution for fraudulent conversion of a hired horse, was that a third party hired the horse originally and that defendant obtained it from him, this matter was properly submitted to the jury, with instructions to acquit in such event.

**4.—Same—Charge of Court—Circumstantial Evidence.**

Where all the evidence in a prosecution for the fraudulent conversion of a hired horse was positive and direct, and that the defendant had disposed of the horse, and the only possible omission in the State's case was whether the hired man of the owner of the horse had actually delivered the horse to the defendant, the owner having sent him by this man from the stable to the hotel after having made the contract of hire with defendant, there was no necessity of submitting the law on circumstantial evidence,

Appeal from the District Court of Robertson. Tried below before Hon. J. C. Scott.

Appeal from a conviction of theft of a horse; penalty, five years imprisonment in the penitentiary.

The State proved by the owner of the horse that he made a contract with defendant to hire the horse and that he sent same by a stable hand, as requested by defendant, to the latter's hotel, and that he a few days later heard that defendant had sold the horse, etc. Defendant's witness Smith testified that he was the man that made the contract to hire the horse and ordered it sent to the hotel and afterwards traded it to defendant; this was denied by the owner who was re-called to the stand and stated positively that he made the contract with defendant. This with the facts disclosed in the opinion is a sufficient statement of the case.

*King & King,* for appellant.—Runnels v. State, 45 Texas Crim. Rep., 446; 8 Texas Ct. Rep., 770.

*Howard Martin,* Assistant Attorney-General, for the State.—It is true that the prosecutor did not see appellant when he obtained possession of the horse at the hotel in Temple; prosecutor having testified that he made the contract of hiring at the stable and sent the horse to appellant's hotel by a servant. The gist of this offense is not the act of taking the property, but consists of two elements, (1) the contract of hiring; and (2) the disposition of the property. Both of these essential elements were testified to by eye-witnesses.

DAVIDSON, Presiding Judge.—The indictment charges that appellant obtained and had possession of a horse by contract or hiring and subsequently fraudulently converted the animal to his own use. The questions are raised on the motion for new trial, there having been no bills of exception reversed. In copying the statute under which the indictment was framed, instead of the word "his" the word "is" is used in the charge, in the following portion of said charge, "convert said property to is own use with intent to deprive the owner of the value of the same." Exception is reserved to this. We are of opinion this criticism is hypercritical. Applying the law to the case, the judge instructed the jury: "If you believe from the evidence beyond a reasonable doubt A. H. Lewallen, alias W. N. Peters, alias G. G. Russell, in the County of Robertson and State of Texas, on or about the 16th day of June, A. D. 1904, was in possession of a horse, the property of F. M. Nichols, by virtue of a contract of hiring with the said F. M. Nichols, and that the defendant did then and there unlawfully and without the consent of the said F. M. Nichols, the owner thereof, if he was the owner, did fraudulently convert said horse to the said Lewallen's, alias W. N. Peters, alias G. G. Russell, own use and with the intent to deprive the said F. M. Nichols of the value of the same, you will

find the defendant guilty as charged," etc. We think this charge was sufficient. There was no possible theory upon which the jury could have been misled by the omission of the letter "h" in the word "his" so as to make it read "is" in copying the statute. Nor do we think the charge above quoted assumes as a matter of fact that there was a contract between appellant and Nichols. It simply charges the jury that if they should believe from the evidence that appellant was in possession of the horse, the property of Nichols, by virtue of the contract, etc. This does not assume that there was a contract, but leaves it a matter to be found by the jury from the evidence beyond a reasonable doubt, that appellant was in possession of the horse, and this by contract of hiring. Before they could convict under this charge they must find as a matter of fact that appellant was in possession of this horse by virtue of a contract between himself and the alleged owner.

The jury were further charged in this connection, if they should believe from the evidence that Smith hired the horse from Nichols, or disposed of the horse to appellant, or if they had a reasonable doubt whether Smith hired or disposed of the horse, they should acquit. Appellant's theory was, shown through his witness Smith, to the effect that he obtained the horse from Smith, and that Smith was the party who hired the horse. Smith having testified that he was the man who obtained the horse from Nichols and subsequently traded it to appellant. This defensive theory was properly submitted to the jury.

Nor do we think there was error in failing to charge the law of circumstantial evidence. The testimony for the State shows that appellant made a contract with Nichols and hired the horse to make a trip into the country from Temple. The evidence on this proposition is direct and positive. The evidence is direct and positive that he had possession of the horse in Robertson County and sold him. The only possible theory under the State's case indicating other than positive evidence in regard to the whole transaction arose by reason of the fact that Nichols having sent the horse by a hired hand from the stable to the hotel could not swear that the hired hand delivered the horse in person to defendant. But the contract is testified to most positively; the possession is shown by equally positive evidence, and the appellant's evidence does not suggest circumstantial evidence. In our judgment the mere fact that it was not shown that the hired hand delivered the horse personally to appellant would not take it out of the realm of positive evidence under this record. We believe the charge as given was a fair presentation of the law, and that no injury is shown by this record. The judgment is affirmed.

*Affirmed.*