**Billy Ray MAYS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41274.**

Court of Criminal Appeals of Texas.

May 29, 1968.

Paul J. Chitwood, Dallas, for appellant.

Henry Wade, Dist. Atty., Charles Caperton, Arch Pardue, Ronald W. Chapman and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is robbery by assault; the punishment, twenty years.

The indictment charged that the appellant did by assault and violence fraudulently take from the person and possession of Irene Haynes "one (1) television set, and twenty and no/100 ($20.00) dollars current money of the United States."

Appellant moved to quash the indictment on the ground that the allegation, "one (1) television set" was an insufficient description of the property, under the requirements of Art. 21.09, C.C.P.

Art. 21.09, supra, provides, in part, as follows:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient * * *."

In passing upon the sufficiency of the description of property in indictments, in light of the statute, Art. 21.09, supra, this court has upheld as sufficient the following: " 'One watch and one pocketknife * * *' ": Grissom v. State, 40 Tex.Cr. R. 146, 49 S.W. 93; " ' * * * Four dollars in money, two knives, and one ring' ": Campbell v. State, 61 Tex.Cr.R. 504, 135 S.W. 548; " ' * * * one suit of clothes, of the value of $10' ": Baldwin v. State, 76 Tex.Cr.R. 499, 175 S.W. 701; " ' * * one bale of seed cotton, of the value of $100' ": Tolbert v. State, 84 Tex.Cr.R. 159, 205 S.W. 987; " * * * one automobile tire of the value of $3.50 * * *' ": Young v. State, 139 Tex.Cr.R. 509, 141 S.W. 2d 315; " 'one camera * * *' ": Beland v. State, 160 Tex.Cr.R. 351, 271 S.W. 2d 430.

■ We hold the allegation, "one (1) television set," in the instant indictment a sufficient description of the property. Appellant's ground of error is overruled.

In his second ground of error, appellant insists that reversible error was committed during the trial by the introduction in evidence of extraneous offenses. It is insisted that such was reversible error, particularly in view of the court's action in granting appellant's motion in limine to instruct the attorneys for the state and their witnesses to refrain from mentioning any facts or circumstances tending to connect appellant with any extraneous crimes.

In order to appraise the ground of error it should first be noted that on her direct examination the injured party testified that on the date alleged the appellant came into her place of business and, by assault and violence, took from her possession $20 in money and one Motorola television set. She also related that twice before she had seen the appellant in her store but that he had never done business with her.

On her cross-examination by appellant's counsel, the following transpired:

"Q Mrs. Haynes, did you report this robbery to the police officers? A Yes, sir. Immediately as I walked to the front of the store.

"Q And this occurred at 2:15 in the afternoon? A Just about that time, yes, sir.

"Q Did they come pretty quick? A Yes, sir.

"Q Did you give them a description of the person that robbed you? A Yes.

"Q Do you remember what description you gave them at that time? A Well, he was a young man in his early twenties and did not wear glasses, and that particular time he wore a red checked shirt, had on dark trousers. He was dressed differently each time he came, but he was the same person identically I identified when he came over this third time as he came over the counter as it was when he walked around the counter and approached me [sic].

" * * *

"Q I believe you testified that you had seen him before? A Twice before.

"* * *

"Q *Mrs. Haynes, you say that he took you by the arm to the register, did he have any weapons with him? A I didn't see a knife the last time but the two previous times he showed a knife and pulled it on me.* [Emphasis, supplied.]

"MR. CHITWOOD: Your Honor, I move for a mistrial at this time based upon the answer of the witness there; it's extraneous, and not responsive to the question.

"THE COURT: He asked you if he had a weapon.

"MR. CHITWOOD: She brought in some other occasions. I think we are entitled to a mistrial.

"MR. CAPERTON: It's responsive to the question.

"THE COURT: Motion denied, set down [sic].

"A He came over the counter on his feet. He did not show a knife at that time but previously he had a knife each time and in his hand, forcing me with the other arm and hand as he showed me this knife in the other one.

"Q Mrs. Haynes, do you remember when these other times that he came into your store were? A Do I remember when they were?

"Q Yes, ma'am. A Within two or three weeks before; I don't know the exact date because I tried to forget each time.

"Q Well, he came out three times within three weeks? A Last time was just too much.

"* * *

"Q If it were shown that this defendant was not the one who had come into your store before, would you then say you're mistaken about him coming in this time? A No, sir.

"MR. CAPERTON: I object to him saying that.

"A I saw him three times and the way he threatened me I wouldn't ever forget it.

"MR. CHITWOOD: Judge, the answer wasn't responsive to my question.

"THE COURT: Well, I know, but you asked the question. You say if it were shown that he was not the boy that came in before would you then think you would be mistaken and she said she couldn't be mistaken.

"MR. CHITWOOD: All right.

"* * *."

While that portion of the witness's answer: "but the two previous times he showed me a knife and pulled it on me" was unresponsive and tantamount to evidence of extraneous offenses, no request was made by appellant for an instruction by the court to disregard the testimony. This it was incumbent upon him to do to preserve the error. Perkins v. State, Tex. Cr.App., 213 S.W.2d 681; White v. State, 164 Tex.Cr.R. 416, 299 S.W.2d 151; Paredes v. State, Tex.Cr.App., 368 S.W.2d 620. We do not agree that, under the record, an instruction by the court could not have cured the error. It should also be observed that appellant, by his continued cross-examination of the witness with reference to the two prior occasions she related he came into the store, waived his objection to the testimony. Further, it was appellant rather than the state who elicited the unresponsive answer of the witness. The ground of error is overruled.

In his third and last ground of error, appellant complains of certain statements made by state's counsel in his closing argument to the jury on the issue of punishment.

We shall only discuss the argument to which appellant objected at the trial. Ap-

pellant filed in the cause his application for probation and suspension of the imposition of sentence, in which he swore that he had never before been convicted of a felony in this or any other state.

At the hearing on punishment, appellant's mother was called as a witness and testified he had never been convicted of a felony in this or any other state. On cross-examination she testified that she did not know what "convicted" meant but that appellant had never been sentenced to the penitentiary.

The jury, under the court's charge on punishment, was authorized, upon finding that appellant had never before been convicted of a felony, to recommend, if they so desired, that the imposition of sentence be suspended and that he be placed on probation.

In his argument to the jury, counsel for appellant made reference to the application for probation filed by appellant and to the testimony of his mother that he had never been convicted of a felony, and asked the jury to consider probation of sentence.

In discussing the argument of appellant's counsel, and the testimony of his (appellant's) mother with reference to any prior convictions, state's counsel stated and the following transpired:

"\* \* \*

"[MR. CAPERTON]: The point that Mr. Chitwood makes here, what he talks to you about is that he has not been convicted of a felony before. Well now we didn't get a definition out of the Defendant's mother as to what a conviction was.

"MR. CHITWOOD: Your Honor, I object to that line of argument. He knows what a conviction is.

"MR. CAPERTON: Your Honor, I'm answering his argument.

"THE COURT: Well, you couldn't expect from that woman to get a definition of a conviction.

"MR. CAPERTON: Mr. Chitwood, however— —

"THE COURT: Just stay in the record.

"MR. CAPERTON: Mr. Chitwood has talked about what she said about a conviction without telling you what a conviction is. A conviction means a final conviction when the appeals are over which might take years.

"MR. CHITWOOD: I object and move for a mistrial at this time.

"MR. CAPERTON: I'm answering his argument, Your Honor.

"THE COURT: Overrule.

"\* \* \*."

The argument of state's counsel appears to have been invited and in response to the argument of appellant's counsel, and appellant is in no position to complain. See: 56 Tex.Jur.2d 663, Sec. 310, and cases cited. The ground of error is overruled.

The judgment is affirmed.