**Erma Lee BRUNER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48527.**

Court of Criminal Appeals of Texas.

May 22, 1974.

Malcolm Dade and John E. Rapier, Court Appointed On Appeal, Dallas, for appellant.

Henry Wade, Dist. Atty. and Maridell Templeton, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for felony theft; the punishment, ten years imprisonment.

Appellant contends that the indictment is fatally defective in that it insufficiently describes the property taken as "two suits and being of the total value of over $50.-00," and that the Court erred in overruling her motion to quash the indictment. Arti-

cle 21.09, Vernon's Ann.C.C.P., reads in part as follows:

> "When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient . . . ."

Appellant says the description in the instant indictment does not describe the *kind* of property taken, i. e., "whether the suits are women's suits, childrens' suits, men's suits, suit's (sic) of cards, costumes, or merely suits of clothing."

■ We do not think the description "two suits" is so vague as to be insufficient under Article 21.09, supra.[1] This Court has held similar descriptions of property to be sufficient. See White v. State, 505 S.W.2d 258 (Tex.Cr.App.1974) ("one (1) pick-up truck"); Kirkland v. State, 489 S.W.2d 298 (Tex.Cr.App.1972) ("one (1) oxygen container"); Ward v. State, 446 S.W.2d 304 (Tex.Cr.App.1969) ("one (1) automobile"); Mays v. State, 428 S.W.2d 325 (Tex.Cr.App.1968) ("one (1) television set"); Wilson v. State, 398 S.W.2d 291 (Tex.Cr.App.1965) ("ten (10) drill bits"); Beland v. State, 160 Tex.Cr.R. 351, 271 S.W.2d 430 (Tex.Cr.App.1954) ("one (1) camera").

The authorities relied on by appellant are not controlling, because in each of those cases, the *quantity* of the property taken was not alleged. See Moore v. State, 473 S.W.2d 523 (Tex.Cr.App.1971) ("tires"); Oakley v. State, 167 Tex.Cr.R. 630, 323 S.W.2d 43 (Tex.Cr.App.1959) ("seed"); Scott v. State, 125 Tex.Cr.R. 396, 67 S.W.2d 1040 (Tex.Cr.App.1934) ("certain lubricating oil"); cf. Young v. State, 139 Tex.Cr.R. 509, 141 S.W.2d 315 (Tex.Cr.App.1940). We overrule this ground of error.

Appellant further asserts that the prosecutor improperly cross-examined her con-

1. We note, however, that the grand jury appears to have had sufficient evidence be- fore it to have alleged "two suits of men's clothes" rather than merely "two suits."

**622**

cerning the details of her prior convictions. The questions complained of were as follows:

"[PROSECUTOR]: Let me just ask you, Ma'am, if you are one and the same Irma Lee Bruner who in 1967 was convicted of the offense of theft over for the unlawful felony theft over of two suits of men's clothing, value of fifty-nine ninety-nine each of the total value of over $50.00?

\* \* \* \* \* \*

"[PROSECUTOR]: And one and the same Irma Cox Bruner, alias Irma Lee Bruner who was duly and finally convicted of the felony offense of theft over, one radio tape player, seven boxes of cards, all of the total value of over $50.00 and received a five year sentence in the Texas Department of Corrections, September, 1968?

\* \* \* \* \* \*

"[PROSECUTOR]: Well, I will just ask you to read the Indictment where it indicates two suits of men's clothing the value of—"

Appellant's objection to the first question was a general objection to "going into that matter at this phase of the trial." She made no objection to the second question and she obtained no adverse ruling from the Court on her objection to the third question.

Moreover, all of the information conveyed by these three questions is contained in the records of the appellant's prior convictions, and these records were all properly admitted into evidence without objection. They consisted of authenticated copies of the indictment, judgment and sentence in each of these cases. See Knox v. State, 487 S.W.2d 322 (Tex.Cr.App. 1972); Brown v. State, 485 S.W.2d 914 (Tex.Cr.App.1972). In propounding the questions the prosecutor was not improperly inquiring into details of the prior convictions. Cf. Lege v. State, 501 S.W.2d 880 (Tex.Cr.App.1973); Cain v. State, 468

S.W.2d 856 (Tex.Cr.App.1971); Driehs v. State, 164 Tex.Cr.R. 455, 301 S.W.2d 123 (Tex.Cr.App.1957). We overrule this ground of error.

The judgment is affirmed.

Opinion approved by the Court.