**Lee William WELCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52602.**

Court of Criminal Appeals of Texas.

Nov. 10, 1976.

Rehearing Denied Dec. 8, 1976.

---

R. Paul Brauchle and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Les S. Eubanks, Jr., and Paul D. Macaluso, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for theft over $200.00. After the jury returned a verdict of guilty, punishment was assessed by the court at five years.

The indictment alleges the offense occurred on or about February 26, 1975, and the record reflects that the indictment was returned on July 21, 1975.

Appellant contends that the indictment is defective in that it insufficiently describes the property taken as "seven rifles of the total value of at least $200.00 but less than $10000.00," and that the court erred in overruling his motion to quash the indictment.

Article 21.09, V.A.C.C.P., as amended effective June 19, 1975, reads in pertinent part:

"If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be

stated, and a general classification, describing and identifying the property as near as may be, shall suffice. . . ."

Former Article 21.09, V.A.C.C.P., provided as follows:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known shall be sufficient. . . ."

■ Since the amendment to Art. 21.09, supra, became effective June 19, 1975, and the indictment was returned June 21, 1975, the indictment was subject to the requirements of Art. 21.09, supra, as amended.

Appellant points to the fact that the guns had been in the possession of police for four months and that it was within the knowledge of the State that one of the guns was a "243 Remington bolt action rifle with a scope" and another was an "1892 Winchester." It appears to be appellant's position that the State should have described the property accordingly in its pleading.

While Art. 21.09, supra, prior to amendment referred to a "general description," it specifically noted that property should be described by (1) name, (2) kind, (3) quality, (4) number, and (5) ownership. Article 21.-09, supra, as amended, while omitting the words "general description," added no specific requirements in describing property. In fact, one of the specific requirements, "quality," was omitted. The amended statute did add when the specific requirements of description are unknown "that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice." The State suggests that the latter provision was occasioned by the consolidation of theft offenses in the penal code so as to accommodate the allegation of theft by worthless check in certain cases. An instance cited by the State is where an individual gives a worthless check at a supermarket for a number of grocery items. A general description of the articles taken would, in most such instances, be all that could be alleged. In such cases, it would be necessary for the State to allege groceries generally and that a better de-

scription is unknown, if, indeed, no further description was known. We find merit in the State's suggestion.

■ We conclude that Art. 21.09, supra, as amended, places no greater burden on the State to more specifically describe personal property alleged in an indictment than before.

In *Mays v. State,* Tex.Cr.App., 428 S.W.2d 325, and *Kirkland v. State,* Tex.Cr. App., 489 S.W.2d 298, it was held that the descriptions "one television set" and "one oxygen container and the contents thereof, to-wit: oxygen," respectively, were sufficient where motions to quash were filed alleging that the property was not sufficiently described under former Art. 21.09, supra.

■ We cannot agree that it was incumbent upon the State to allege the brand name, date of manufacture, whether the rifle had a scope, or was automatic, pump or bolt action.

We find that the indictment sufficiently described the property alleged to have been taken and that the court was not in error in overruling appellant's motion to quash.

Appellant contends the evidence is insufficient to support the conviction.

Harold Harmon testified that he lived in a house in University Park he had purchased from appellant's father in March, 1974. The garage with the house had a number of cabinets where hunting and fishing gear were stored. The doors to the garage were closed and the cabinet in question was locked the night of February 24, 1975. Upon arriving home from work the next day, Harmon noticed the garage door was open and on investigation determined that a cabinet "had the lock ripped off" and that eight guns had been taken.

Grady Newton, supervisor of criminal investigation at Southern Methodist University, testified that on March 4, 1975, he had an occasion to talk to appellant. At such time appellant was not under arrest and Newton knew nothing of the instant offense. Appellant told Newton that he had

taken guns from a garage at a house in University Park where he had previously lived. Appellant took Newton to a Billy Morgan's house in order that the guns might be recovered from a garage where they had been stored. Prior to the arrival of appellant and Newton at the Morgan home, Officer Fletcher of the University Park police had gone to the Morgan home as the result of a tip from an informant. Fletcher, after receiving consent, searched the garage and recovered six guns. Appellant was not arrested until the following day, March 5, 1975. On this date, Officer Gatlin, at Fletcher's direction, went to an apartment on Blackwell Street and recovered a rifle from Oscar Gonzales, who testified at trial that appellant had left the gun with him. Harmon identified the guns recovered from Gonzales and the Morgan home as being those taken from his garage.

■ Appellant urges that the evidence shows "only bare possession" of the stolen property and argues that under our decision in *Pool v. State*, Tex.Cr.App., 528 S.W.2d 255, that this is insufficient to show that appellant exercised control over the stolen property. This argument overlooks Newton's testimony that appellant admitted taking the guns. The testimony of Gonzales placed appellant in possession of one of the rifles and Newton testified that appellant took him to the place where six of the guns had been recovered earlier that day. We find the evidence sufficient to support the conviction.

Appellant contends that the court erred in admitting evidence of an extraneous offense.

Appellant complains of the court's failure to sustain his objection to Newton's testimony relative to appellant telling him that he had taken guns from a garage at a house where he used to live in University Park. Appellant reasons that such testimony constitutes an admission to the offense of burglary, that appellant was charged with theft in the instant case, and that the State may not offer evidence of the extraneous offense of burglary unless it is prepared to

prove that the accused committed the offense.

■ Where the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven, proof of all the facts is proper. *Tinsley v. State,* Tex.Cr.App., 461 S.W.2d 605; *Jones v. State,* Tex.Cr.App., 472 S.W.2d 529; *Love v. State,* Tex.Cr.App., 533 S.W.2d 6.

■ No error is shown.

Appellant contends the court erred in failing to submit appellant's charge on circumstantial evidence.

Appellant cites *Hielscher v. State,* Tex. Cr.App., 511 S.W.2d 305 for the proposition that where a defendant's admission is relied on to render a charge on circumstantial evidence unnecessary, such admission must be unequivocal. It appears to be appellant's position that the appellant admitted taking guns from an unspecified house in University Park. In the instant case there was evidence before the jury that appellant admitted that he had taken guns from a garage at a house in University Park where he had previously lived. Other evidence shows that appellant had lived at this house.

■ We find appellant's admission to Newton to be an admission of the offense charged and not circumstantial evidence of the main inculpatory fact. Thus, no charge on circumstantial evidence was required. *Sloan v. State,* Tex.Cr.App., 515 S.W.2d 913; *Swift v. State,* Tex.Cr.App., 509 S.W.2d 586; *Hogan v. State,* Tex.Cr.App., 496 S.W.2d 594.

Lastly, appellant urges that having been acquitted for the offense of burglary of the Harmon house arising out of the same transaction in a former trial, the doctrine of collateral estoppel applies and precludes prosecution of appellant for the offense of theft.

In *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, the United States Supreme Court noted that "collateral estoppel" is an awkward phrase and said, "It means simply that when an issue of ulti-

mate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit." The Supreme Court further stated that where an acquittal is based upon a general verdict a court is required to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge and other relevant matter, and conclude whether a rational jury could have granted its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

The transcription of the court reporter's notes, the pleadings, charge and other relevant matter from Cause No. F–75–3749–JL in which appellant was acquitted of the offense of burglary are in the record before us. The record reflects that the testimony in the burglary trial is essentially the same as that in the instant case. The indictment in the prior trial contains the elements of burglary as set forth in V.T.C.A. Penal Code Sec. 30.02(a)(1) and the court's charge requires proof of such elements. We find it unnecessary to detail the difference in the elements necessary to be proven in burglary and theft under V.T.C.A. Penal Code Sec. 31.03. In the court's charge in the burglary case a factual issue was submitted to the jury on accomplice witnesses. No such charge was submitted in the instant case.

As in the instant case, Newton's testimony in the prior trial was uncontroverted relative to appellant admitting to him that he had taken the guns.

We cannot conclude from the jury's general verdict of acquittal in the former trial that an issue of fact was resolved against the State which was necessary to again litigate in the instant case. We find that the rule of collateral estoppel is not applicable to the instant case.

The judgment is affirmed.

Opinion approved by the Court.