Paul W. COX, Appellant,

v.

The STATE of Texas, Appellee.

No. 56763.

Court of Criminal Appeals of Texas.

Panel No. 1.

Jan. 18, 1978.

Peter A. Lesser, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Maridell Templeton and Winfield Scott, Asst. Dist. Attys., Dallas, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft over $200.00. Appellant entered a plea of guilty, after which punishment was assessed at eight years.

In his sole ground of error, appellant complains that the indictment in the instant case "was fundamentally defective in that said indictment failed to comply with the requirements of Article 21.09 [V.A.C.C.P.]."

Article 21.09, V.A.C.C.P., provides, in pertinent part:

"If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice."

The above quoted language was incorporated into Art. 21.09 by an amendment effective June 19, 1975,[1] and is applicable to this indictment which was returned on December 8, 1975.

The indictment in the instant case alleges that the appellant:

"did unlawfully, knowingly and intentionally appropriate property, other than real property, to wit: one ring of the value of at least $200.00 but less than $10,000.00, without the effective consent of Harlin R. Robinson, the owner thereof.
. . ."

Appellant contends that the amended language in Art. 21.09, supra, "is more stringent in its requirements as to what must be alleged in an indictment" than was the old language. This Court has specifically rejected the proposition. In *Welch v. State*, Tex.Cr.App., 543 S.W.2d 378, 380, we said:

"We conclude that Art. 21.09, supra, as amended, places no greater burden on the State to more specifically describe personal property alleged in an indictment than before."

An indictment which was sufficient before the amendment would still be sufficient today.

In *Bruner v. State*, Tex.Cr.App., 509 S.W.2d 620, we held the description "two suits" was sufficient. In *Ashford v. State*, Tex.Cr.App., 502 S.W.2d 27, we found the description "one purse" to be sufficient. In *Mays v. State*, Tex.Cr.App., 428 S.W.2d 325, we found the description "one television set" was sufficient. See also *Kirkland v. State*, Tex.Cr.App., 489 S.W.2d 298, 299 ("one oxygen container and the contents thereof, to-wit: oxygen"); *Wilson v. State*, Tex.Cr.App., 398 S.W.2d 291 ("ten drill bits").

The description of "one ring" contained in the indictment is as definite as any of those referred to above. The indictment in the instant case is sufficient in its identification of the property involved. No error is shown.

The judgment is affirmed.

---

1. The previous Art. 21.09, V.A.C.C.P., read as follows, in pertinent part:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient."