**George A. WATTS, Jr., Appellant,**

v.

**STATE, State.**

**No. 2–82–165–CR.**

Court of Appeals of Texas,
Fort Worth.

July 27, 1983.

Lee Ann Dauphinot, Fort Worth, for appellant.

C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

OPINION

JOE SPURLOCK II, Justice.

Appellant, George A. Watts, Jr., was convicted by a jury of theft. Watts pled true to the enhancement allegations in the indictment, and he was sentenced to life imprisonment.

We affirm.

Watts contends in five grounds of error that: (1) the indictment is defective for failing to allege what type of television was appropriated; (2) the charge was fundamentally defective since the indictment alleged that one "tevelvision" was stolen and the charge states that one "television" was stolen; (3) the indictment was defective for failing to specify "effective consent"; (4) a variance exists between the proof at trial that a television was stolen and the allegation in the indictment that a "tevelvision" was stolen; and, (5) the district court erred by refusing to allow Watts to offer evidence to explain his flight.

On September 14, 1981, Watts and Patricia King entered an appliance store in Pantego, Texas. King admired a small television set. Watts talked to the saleslady, and distracted her attention while King apparently placed the television between her legs and exited the store. King wore a long, flowing "muu-muu" dress, and the store personnel did not immediately notice that she had taken the television. No other customers were in the store at the time. Watts and King drove away from the store in an Opel station wagon. At that point the manager of the store noticed that the television was gone from the premises. The manager pursued the Opel in his vehicle and caught up to Watts and King, motioning them to pull over. A high speed chase ensued, during which police patrol units were attracted by the manager, and joined in the pursuit. King then threw the television out of the Opel. During the chase, Watts caused a collision with one of the police vehicles, disabling it, and Watts was finally caught in Fort Worth, after he had abandoned the Opel. The television was not recovered, although its electrical cord

was found at the place where King had thrown it out of the Opel. At trial, Watts contended that he did not know that King had stolen the television until she threw it out of the car when the manager of the appliance store began honking his horn, and that he then panicked, because of his fear of being arrested since he had "two priors" on his record.

Watts presented a motion to quash the indictment, alleging that the indictment was defective because it failed to describe and identify by name, kind, number, and ownership, the property alleged to have been appropriated. This motion was overruled, and that action by the trial court forms the basis for Watts' first ground of error. Watts argues that he was deprived of proper notice because he was required to guess at what a "tevelvision" was, and, that even should this court hold that he should have been able to discern the intended meaning of "tevelvision", the State should have been required to allege the brand name, model number, description as color or black and white, and actual value of the television set, so that Watts might be able to adequately prepare his defense. We do not agree. We find that the allegation "one tevelvision set" was sufficient to describe the property allegedly taken by Watts, and that "tevelvision" was simply misspelled in the indictment. "It is a rule that the misspelling of a word does not render invalid an otherwise good indictment or information if the sense is not affected and the meaning cannot be mistaken." *Ablon v. State*, 537 S.W.2d 267, 269 (Tex.Cr. App.1976). "We hold the allegation, 'one (1) television set,' in the instant indictment [is] a sufficient description of the property." *Mays v. State*, 428 S.W.2d 325, 326 (Tex.Cr. App.1968). *See Cox v. State*, 560 S.W.2d 675, 676 (Tex.Cr.App.1978), and *see generally, Wood v. State*, 632 S.W.2d 734, 736–37 (Tex.Cr.App.1982). Ground of error one is overruled.

Watts' second ground of error states that the charge was fundamentally defec-

tive because the indictment alleges that "one tevelvision set" was stolen whereas the charge has been corrected to read "one television set". We find no merit to this contention and overrule ground of error two.[1]

In his third ground of error Watts maintains that the indictment was defective in that it did not specify exactly how he took the property without effective consent of the owner. Watts filed a motion to quash, alleging that he needed to be apprised of what action or knowledge was attributed to him in the State's allegation of appropriation of property without the effective consent of the owner. This motion was denied, and we hold that the trial court acted properly in so doing. *See Thomas v. State*, 621 S.W.2d 158, 161–64 (Tex.Cr.App.1981), which states: "Summarizing these grounds of error, we hold that the terms 'owner' and 'effective consent' need not be further clarified. The general terms are neither vague nor indefinite because they are statutorily defined." (at 164); and " 'Effective consent', as illustrated under V.T.C.A. Penal Code, Section 31.-01(4), is not subject to the motion to quash for the identical reason. It is purely evidentiary—a matter of proof [footnote omitted]. The State need only allege no consent or no 'effective consent'." (at 161). *Cf. Ferguson v. State*, 622 S.W.2d 846, 850 (Tex.Cr.App.1981), which deals with "delivery" of controlled substances. Ground of error three is overruled.

Ground of error four asserts that there was a fatal variance between the proof at trial that a "television set" was stolen and the allegations in the indictment that a "tevelvision set" was stolen. We find no merit to this ground of error and it is hereby overruled. (See again footnote 1.)

Watts' fifth, and final, ground of error contends that the trial court erred in its refusal to permit Watts to offer evidence to rebut testimony concerning his flight from the store manager and the po-

---

1. We recommend as the better practice that the State reindict where such spelling errors are

called to its attention prior to trial, and correct the error at that point.

lice. We disagree. Watts was prevented from offering evidence which would have explained to the jury the effect of the Texas habitual criminal statute. He contends that the jury ought to have been allowed to hear this evidence so that they might understand the reasons for his flight, which he argues was not the result of his guilt, but rather from fear that if caught he would receive a mandatory life sentence. Neither counsel may inform the jury of the effect of their verdict in a case where the State has alleged that the defendant has committed two prior felonies for purposes of enhancement. *Thomas v. State,* 543 S.W.2d 645, 646 (Tex.Cr.App.1976), and *Bevill v. State,* 573 S.W.2d 781, 783–84 (Tex.Cr.App.1978). Our perusal of the evidence reveals that Watts was permitted to testify that he fled because he panicked, that he had two prior convictions and was a "two-time loser", and that he knew what would happen to him if he was convicted of another crime, as "they" had not believed his stories in the past. Watts stated that if he had not had two prior convictions he would not have fled. We think that, in light of the above mentioned prohibition, Watts was given adequate opportunity to put evidence before the jury to explain his flight and rebut the indication of consciousness of his own guilt which arose from the evidence of that flight. Ground of error five is overruled.

The conviction is affirmed.

