**Lincoln Louis WRIGHT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–86–083 CR.**

Court of Appeals of Texas,
Beaumont.

March 4, 1987.

Rehearing Denied April 22, 1987.

Discretionary Review Refused
July 22, 1987.

Gaylyn Leon Cooper, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Lincoln Louis Wright, Jr., was indicted for attempted aggravated sexual assault enhanced by prior felony convictions. A jury found him guilty, then found the enhancement allegations true and assessed punishment at life in the Texas Department of Corrections. Appellant brings forth two points of error concerning the indictment which reads, in pertinent part:

> [W]ith the specific intent to commit Sexual Assault, attempt to cause the penetration of the vagina of L.F., a female,

not the Defendant's spouse and hereafter styled the Complainant, by grabbing the Complainant from behind, and placing his hands over the Complainant's eyes and mouth, and by verbally stating that the [sic] was going to sexually assault the Complainant, without the consent of the Complainant, and the said Defendant [sic] attempt to compel the Complainant to submit to said sexual assault by his acts, words, and deeds which placed the Complainant in fear of death and serious bodily injury to be imminently inflicted on the Complainant, which said attempt amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

■ The first point of error alleges the trial court erred in failing to grant the defendant's motion to set aside the indictment. Appellant, at trial, filed a motion which stated:

COMES NOW, LINCOLN LOUIS WRIGHT, Defendant in the above styled and numbered cause, by and through his attorney of record, GAYLYN LEON COOPER, and prior to his announcement of ready moves that the criminal indictment filed against him in the above-entitled and numbered cause be dismissed by virtue of the authority of the Fifth and Sixth Amendments to the Constitution of the United States of America, (and) Articles 27.02, 27.03, 27.08 and 27.09, T.C.C.P., and Article I, Section 10, of the Constitution of the State of Texas, for the following reasons:

I.

The indictment does not state sufficient facts to constitute an offense against the Laws of the State of Texas.

II.

The indictment fails to allege all the essential acts or omissions by the Defendant necessary to constitute the offense charged.

III.

The indictment wholly fails to set forth sufficient facts and/or allegations that would apprise the Defendant or put the Defendant on notice of exactly what facts or circumstances the State is accusing Defendant of committing, which acts, facts or circumstances, if proved, would render the Defendant guilty, in order that the Defendant intelligently and properly prepare his defense herein so that the Defendant's rights not be prejudiced as contemplated in Article 21.01, et seq., C.C.P.

IV.

The indictment wholly fails to allege on its face, facts necessary to enable Defendant to plead to the indictment so that a judgment would become a bar to subsequent prosecution for the same offense as contemplated in Article 21.04, C.C.P.

V.

Specifically the indictment alleges "that the said Defendant attempt to compel the Complainant to submit to said sexual assault by his acts, words, and deeds which placed the Complainant in fear of death and serious bodily injury." The indictment fails to clearly and intelligently and otherwise apprise the Defendant of the specific acts, words, and deeds that cause the Complainant fear. Such failure violates ARticle 21.01, et seq, C.C.P. and Article 21.04, C.C.P.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court to set aside the indictment herein, and dismiss the cause from the docket of this Court and release and discharge the Defendant from this prosecution.

On appeal appellant singles out the word "the" in the indictment's phrase "by verbally stating that *the* was going to sexually assault the Complainant" and argues that the indictment does not set forth in plain and intelligible words each element of the offense. The motion's first four paragraphs are nothing more than a "form"

motion, paragraph five, however, does specifically point out a complaint. That complaint is not the one complained of on appeal. The other four paragraphs do not adequately give the trial judge notice of the complaint now urged on appeal. There was no error in overruling such a motion. *Jones v. State*, 672 S.W.2d 798 (Tex.Crim. App.1984). Point of error number one is overruled.

■ Point of error number two, although stated in terms of an error in failing to grant the motion to set aside, actually complains there is a variance between the indictment and the proof. Once again, this argument is based upon placement of the word "the" in the indictment.

There is no doubt that the word "the" appeared by clerical error and should have been the word "he." Appellant lodged no objection to this. We find no variance between the proof and the indictment. *See Watts v. State*, 655 S.W.2d 350 (Tex.App.— Fort Worth 1983, pet. ref'd) and *Lewallan v. State*, 48 Tex.Crim. 283, 87 S.W. 1159 (1905). This point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.