The STATE of Texas, Appellant,

v.

San Juanita CZAPLINSKI, Appellee.

No. 03–97–00070–CR.

Court of Appeals of Texas, Austin.

Dec. 4, 1997.

---

William P. Allison, Allison, Yeager & Bassett, L.L.P., Jenny E. Carroll, University of Texas School of Law, Austin, for Appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

CARROLL, Chief Justice.

The State charged appellee San Juanita Czaplinski with committing a Class B misdemeanor theft. *See* Tex. Penal Code Ann. § 31.03 (West 1994 & Supp.1997). Czaplinski moved to quash the State's information, arguing that the information failed to provide her with sufficient constitutional and statutory notice of the acts that she allegedly committed. After two pretrial hearings, the trial court ordered the State's information quashed. In a single point of error, the State argues that the trial court abused its discretion by mandating more specificity than either the statute or precedent requires. We agree and will reverse the trial court's order quashing the information.

## BACKGROUND

The State charged Czaplinski with the offense by information. The information described the property allegedly stolen as "TWO (2) PAIRS OF SHORTS, ONE (1) SHIRT AND ONE (1) DRESS of the value of $50 or more but less than $500...." Czaplinski's motion to quash argued that this property description failed to give the notice required by article 21.09 of the Code of Criminal Procedure, the Sixth Amendment of the U.S. Constitution,[1] and article I, Section 10 of the Texas Constitution.[2] Article 21.09 directs that an indictment for theft of personal property must identify the property "[i]f known, ... by *name, kind, number and ownership.* When such is unknown, that fact shall be stated, and a general classification describing and identifying the property as near as may be, shall suffice." Tex.Code Crim. Proc. Ann. art. 21.09 (West 1989) (emphasis added). Article 21.23 provides that the rules governing allegations and the cer-

Ken Oden, County Attorney, Giselle Horton, Assistant County Attorney, Elisabeth Earle, Assistant County Attorney, Austin, for Appellant.

---

1. The Sixth Amendment gives the accused in a criminal prosecution "the right ... to be informed of the nature and cause of the accusation." U.S. Const. Amend. VI.

2. Article I, Section 10 states that the accused has "the right to demand the nature of the cause of the accusation against him, and to have a copy thereof." Tex. Const. art. I, § 10.

tainty required in an indictment also apply to an information. *Id.* art. 21.23 (West 1989).

## STANDARD AND SCOPE OF REVIEW

■ We review a trial court's order quashing an information for an abuse of discretion. *See Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim.App.1981) (trial judge allowed sound discretion in granting motion to quash indictment); *State v. Pierce*, 816 S.W.2d 824, 830 (Tex.App.—Austin 1991, no pet.) (no abuse of discretion to quash information because jurat failed to identify properly the authority or official character of person before whom complaint sworn).

The court's order does not reveal the basis for the court's ruling, but it refers to the record. The court did make oral remarks from the bench suggesting the court based its ruling on statutory rather than constitutional grounds. Czaplinski argues the court's ruling was broad and not based solely on statutory grounds. Because the basis of the trial court's ruling is not entirely clear, we will address each of the possible bases for the ruling.

## DISCUSSION

■ The State first argues that the trial court abused its discretion by disregarding precedent concerning the sufficiency of personal property descriptions for notice purposes. The State identifies a number of cases in which courts have found similar descriptions sufficient. In particular, a case directly on point held that an alleged theft of "two suits" satisfied the notice requirement of article 21.09. *See Bruner v. State*, 509 S.W.2d 620, 621 (Tex.Crim.App.1974); *see also Baldwin v. State*, 76 Tex.Crim. 499, 175 S.W. 701 (1915) ("one suit of clothes" sufficiently descriptive). The *Bruner* court rejected the argument that the indictment was insufficient because it failed to allege "the *kind* of property taken, i.e., 'whether the suits are women's suits, children's suits, men's suits, suit's (sic) of cards, costumes, or

merely suits of clothing.'" 509 S.W.2d at 621.[3]

In a case involving receipt of stolen property, the court of criminal appeals undertook an extensive review of cases involving personal property descriptive averments. *See Wood v. State*, 632 S.W.2d 734, 736–37 (Tex. Crim.App.1982) (reviewing both pre–1975 amendment cases and post–1975 amendment cases). The *Wood* court concluded that an adequate description alleges: (1) quantity; (2) the general type of property—but more specifically than just "property" or "merchandise"; (3) ownership; and (4) the jurisdictional value of the property, if necessary. *Id.* (descriptions "one truck tractor" and "one automobile" complied with article 21.09). Given this statutory interpretation and its precedential support, the State's information appears adequately descriptive.

Czaplinski presents several other arguments to support her contention that the description in the information is insufficiently specific. She suggests that she received insufficient notice under the Texas and U.S. Constitutions and that the allegedly deficient notice increased her risk of being twice put in jeopardy.

Czaplinski does not offer any argument or authority supporting her statement that the information failed to meet the constitutional standard of notice. *See* Tex.R.App. P. 38(h) (briefs must contain clear, concise argument and citation to authority). We note that nothing in the record suggests the description in the information interfered with Czaplinski's ability to prepare a defense. Despite the sparse briefing on this point, in the interest of justice, we will consider her jeopardy argument, which is somewhat more developed.

■ As for the double jeopardy argument, we consider it premature at best. Czaplinski bases her argument on the proposition that the right to avoid double jeopardy

---

**3.** Although the Legislature amended article 21.09 in 1975, the court of criminal appeals has since clearly stated that the amended article does not require any more specific description from the State than before. *See Welch v. State*, 543 S.W.2d 378, 380 (Tex.Crim.App.1976) (indict-ment describing property taken as "seven rifles of the total value of at least $200.00 but less than $10,000.00" met statutory requirement; State need not allege brand name, date of manufacture, or whether rifle was automatic, bolt, or pump action, even if known).

includes a right to avoid being *put at risk* of a second prosecution—a right that Czaplinski claims arises during the first proceeding. The affirmative defense of former jeopardy legally embodies the right not to be tried twice for the same offense. Therefore, a double jeopardy argument may only properly be raised if the first prosecution reached the point at which jeopardy is deemed to have attached and a subsequent prosecution (or the threat of one) has ensued. In *Crist v. Bretz,* the U.S. Supreme Court extended to the states the federal rule that jeopardy attaches when the jury is sworn. 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978). Texas formally adopted the federal rule in 1979. *See McElwee v. State,* 589 S.W.2d 455, 457–58 (Tex.Crim.App.1979). In a bench trial, jeopardy attaches when both sides have announced ready and the defendant has pled to the charging instrument. *See State v. Torres,* 805 S.W.2d 418, 421 (Tex.Crim.App. 1991). As the Court pointed out in *Crist,* "only if that point has once been reached does any *subsequent* prosecution of the defendant bring the guarantee against double jeopardy even *potentially* into play." *Id.* at 32–33, 98 S.Ct. at 2159 (citations omitted) (emphasis added). Jeopardy clearly had not yet attached in the first proceeding, and nothing in the record indicates that Czaplinski had any reason to believe that the State would subject her to a second prosecution for the same offense.

Although Czaplinski cites primarily constitutional authority for her double jeopardy argument, she apparently relied in part on statutory authority as well.[4] Article 21.04 of the Texas Code of Criminal Procedure requires sufficient certainty in an indictment (or information) to allow the accused to plead any judgment given upon it as a bar to subsequent prosecution for the same offense. Tex.Code Crim. Proc. Ann. art. 21.04 (West 1989).

The cases that address this issue indicate that article 21.04 does not require any greater specificity than article 21.09, discussed above. *E.g., Welch v. State,* 543 S.W.2d 378, 380 (Tex.Crim.App.1976). In a case interpreting the precursor to the current statute, the court explained that "[t]his is not a new rule. It is not designed [to require the description] to be so minute in detail, as to entirely supersede the proof of identity, when the judgment is pleaded in bar of the same offense." *Horan v. State,* 24 Tex. 161, 161 (1859). The information must allege the essential elements of the offense. Tex.Code Crim. Proc. Ann. art. 21.03 (West 1989); *see Beck v. State,* 682 S.W.2d 550, 554 (Tex.Crim.App.1985). The State need not plead evidentiary facts, unless those facts are essential to provide notice. *See Moreno v. State,* 721 S.W.2d 295, 300 (Tex.Crim.App. 1986); *Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Crim.App.1981). Evidentiary facts need not be stated for the purpose of distinguishing the information because the defendant may prove them, thus establishing the identity of the offense and protecting himself or herself from a second prosecution. *See Beck,* 682 S.W.2d at 556, n. 5; *Horan,* 24 Tex. at 164.

We have already held the State's information provides adequate notice under article 21.09. Czaplinski's request for more details describing the property seeks merely evidentiary facts, which the State need not offer. We, therefore, sustain the State's point of error.

**CONCLUSION**

Because we hold that the State's information gave Czaplinski sufficient notice, we reverse the order quashing the information and remand the cause for further proceedings.

---

4. We assume that Czaplinski bases her argument, at least in part, on Texas Code of Criminal Procedure article 21.04 because she uses its language in her brief when discussing the trial court's ruling. *See* Tex.Code Crim. Proc. Ann. art. 21.04 (West 1989). Also, she argues that if the State were to replead an identical information she would not know whether the second information was for the same items taken from the same place. Although no mention of the statute could be found in the record or her brief and Czaplinski cites no authority which properly supports her statutory argument, we will address her contention because it is at least somewhat developed.