**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00456-CR**
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**MARTIN JOSEPH LEVERETT, Appellee**

On Appeal from the 163rd District Court
Orange County, Texas
Trial Cause No. B-120,121-R

**OPINION**

In this appeal, the State argues the trial court erred by quashing Martin Joseph Leverett's indictment. We hold the trial court properly quashed the indictment. We affirm the trial court's order.

Background

The State indicted Leverett for felony theft. Specifically, the indictment the trial court quashed alleges:

[Leverett] . . . did then and there unlawfully appropriate by acquiring and otherwise exercising control over property other than real property, to wit: gold and jewelry, of the value of at least $1,500.00 but less than $20,000.00 from the owner, [M.M.], without the effective consent of said owner and with intent to deprive said owner of said property[.]

Several months after he was indicted, Leverett filed a motion asking the trial court to quash his indictment. In his motion, Leverett complained the indictment needed to more specifically describe the gold and jewelry that he had allegedly stolen. *See* Tex. Code Crim. Proc. Ann. art. 21.09 (West 2009) (explaining the amount of detail required in describing personal property in an indictment).

Subsequently, the trial court conducted a hearing on Leverett's motion. During the hearing, the State argued that the indictment was not deficient, but also argued that if it was, the State should be given additional time to satisfy any due process requirements by providing Leverett notice by means other than the language in the indictment, allowing the State to provide Leverett with more detail regarding the property at issue. *See Kellar v. State*, 108 S.W.3d 311, 314 (Tex. Crim. App. 2003) (holding that the State's itemized list containing dates, check numbers, and amounts of multiple transactions provided defendant with sufficient notice to prepare a defense).

During the hearing, the trial court determined that the indictment did not provide the description required by article 21.09. The trial court set a second

2

hearing, to occur four weeks later, to give the State an opportunity to provide a property description by other means. At the conclusion of the first hearing, the trial court advised the prosecutor that at the next hearing, the court expected the State to explain how it provided Leverett with a sufficient description of the property it alleged he had stolen. Additionally, the trial court warned the State that it would quash the indictment if it determined the State had failed to provide Leverett with notice by other means. At the subsequent hearing, the State informed the trial court that it had not provided Leverett with any more information about the property at issue. At that point, the trial court granted Leverett's motion to quash.

On appeal, the State contends that the exact number of pieces of gold and jewelry that Leverett took are unknown to it, argues that the indictment sufficiently alleges an offense involving the theft of gold and jewelry, and suggests that at some point, Leverett's attorney inspected the State's file, allowing his attorney to have access to additional information about the items at issue. According to the State, the State's file contains receipts from two pawn shops describing specific pieces of gold and jewelry that were sold by Leverett. But, the State never provided the receipts to the trial court, and they are not in the record before us on appeal.

## Standard of Review

The sufficiency of an indictment presents a question of law; therefore, a trial court's ruling on a motion to quash is reviewed using a de novo standard. *Smith v. State,* 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010). Article 21.09 of the Code of Criminal Procedure describes the degree of detail to which an indictment is required to describe property that is alleged by the State to have been stolen. *See* Tex. Code Crim. Proc. Ann. art. 21.09. Article 21.09 provides:

> If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice.

*Id.*

Leverett's indictment neither alleges that the information regarding the property at issue was unknown, nor describes the number of pieces of gold and jewelry that were allegedly stolen; but, the indictment does describe the kind of property at issue by using a general classification. *See id.* ("When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice."). During the hearing, the State did not argue that it did not know what specific pieces of gold and jewelry it intended to prove were stolen; instead, the State argued that "[i]t's our position that

4

the specific pieces of [gold and] jewelry would be factual in nature, and would be specific factual allegations, and that is not something that the State is required to allege in the indictment."

All of the cases on which the State relies in its brief involved indictments that had more specific property descriptions than the property description provided by the indictment at issue. In *Welch v. State*, the Court of Criminal Appeals held that an indictment alleging that seven rifles were stolen was a sufficient description of the property that the defendant had stolen. 543 S.W.2d 378, 379-80 (Tex. Crim. App. 1976). In *State v. Czaplinski*, an information alleging the defendant had stolen two pairs of shorts, one shirt, and one dress, complied with the requirements of article 21.09. 956 S.W.2d 839, 840, 842 (Tex. App.—Austin 1997, no pet.). Thus, in the cases on which the State relies, the charging instrument identified the stolen property by kind and by number. *See Welch*, 543 S.W.2d at 379; *Czaplinski*, 956 S.W.2d at 840; *see also* Tex. Code. Crim. Proc. Ann. art. 21.09. Even if we were to accept the State's argument that the indictment provides Leverett sufficient notice with respect to the kind of property stolen in cases in which it has not alleged that such information is unknown, Leverett's indictment is silent regarding the number of articles of gold and the number of articles of jewelry that he is alleged to have stolen.

5

On appeal, the State argues that its open file policy allowed Leverett to obtain more detail regarding the property that it intended to prove he had stolen. The State also contends that Leverett's attorney reviewed the file. However, the transcript from the second motion to quash hearing reflects that the State never advised the trial court that it had pawn shop receipts in its file or that Leverett's attorney had seen them, nor did the State provide the trial court with the receipts. Thus, the trial court was never asked to determine whether the information in the receipts could serve as a sufficient substitute for the information that article 21.09 requires.

Generally, to present a complaint on appeal, a party is required to obtain a ruling from the trial court on its request. Tex. R. App. P. 33.1(a). Here, the trial court was never asked to rule on whether the information in its file could substitute for the information required by article 21.09 of the Code of Criminal Procedure. We hold that by failing to present the documents that it claims provide substitute notice and obtaining a ruling on its claim that the documents in the file provided sufficient notice, the State has failed to preserve its substitute notice argument for our review on appeal. *See* Tex. R. App. P. 33.1.

As Leverett's indictment does not state that the property he is alleged to have stolen is unknown, we conclude that Leverett's indictment does not comply

with the requirements of article 21.09 of the Code of Criminal Procedure. We overrule the State's sole issue, and affirm the trial court's order.

AFFIRMED.


_____
HOLLIS HORTON
Justice

Submitted on May 1, 2013
Opinion Delivered May 8, 2013
Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

7